CHARLES MERIWETHER, plaintiff in error, *vs.* MISSOURI SMITH, defendant in error.

1. When a contract for labor was entered into on the Sabbath, and the contract was performed afterwards by the laborer:
*Held*, That the promissor cannot defend by setting forth the illegality of the contract.
2. When a wife, by the consent of her husband, makes a contract for her own labor, in which contract it is agreed that she is, herself, to receive the compensation, she may, under our law, sue and recover in her own name.

Contract on Sabbath.   Husband and wife.   Before Judge ROBINSON.   Jasper Superior Court.   April Term, 1871.

Missouri Smith, a married woman, in her own name, sued Meriwether for one half of the proceeds of his cotton crop. He pleaded the general issue and payment.

She testified that Meriwether, on Sunday, told her if she would cultivate certain land with his, defendant's wife, upon certain specified terms, she should have half of the cotton crop; that she consented, upon condition that she should personally have the proceeds, and her husband with defendant agreed that she should, and Meriwether then and there said he would pay it to her in person. She performed the labor, he sold the crop and refused to pay her.

Defendant's counsel moved for a non-suit, because it appeared that said contract was made on Sunday. The Court overruled the motion. Defendant then testified that he did not contract with plaintiff, but hired her on said terms, and not on Sunday, from her husband, and paid her husband half of the crop, according to the contract. And he introduced several witnesses, who testified as he had. In rebuttal, a witness swore to the contract as plaintiff had.

Defendant's counsel requested the Court to charge the jury, that if said contract was made with plaintiff on Sunday, it was void. The Court refused so to charge, but charged that, though the contract for plaintiff's labor might have been made on Sunday, yet, if plaintiff did the work, she was entitled to the promised reward. The jury found for plaintiff.

Defendant moved for a new trial, upon the grounds, the Court erred in refusing to charge as requested, and in charging as he did, and because the verdict was contrary to the law, etc. The Court refused a new trial, and that is assigned as error.

KEY & PRESTON, for plaintiff in error.

GEORGE T. BARTLETT, for defendant.

Beckford & Holman *vs*. Chipman.

McCay, Judge.

1. A clear distinction is made by the authorities between a suit to enforce a promise or undertaking entered into on Sunday, and a suit on a contract made on Sunday for work and labor, and for the doing of anything, where the thing to be done is *afterwards* performed by the party. It would be a fraud in one who has received the consideration of a contract on a week day, to set up the invalidity of the contract, because made on Sunday. He reaffirms the contract by receiving the consideration. At any rate, he is bound for the value of the services: Parsons on Contracts, 2 vol., 763, 764.

2. Our Act of 1866, and our new Constitution of 1868, makes a decided change in the relation of husband and wife, as to their property, and it is very difficult to say that it does not, *ipso facto*, repeal the regulations of the Code, providing the circumstances under which the wife can get a separate interest in her labor. It was in proof here that the husband consented that his wife should work for herself and contract for herself, and that the defendant contracted with her, knowing this. It is our judgment that, under the Act of 1866, and the Constitution of 1868, this agreement gave the wife this right. It was for the jury to say, under the proof, what the truth of the matter was, and they having found for the plaintiff, we are clear that there was plenty of evidence to uphold the verdict. Judgment affirmed.