Powers v. Fletcher.

---

No. 8207.

## Powers v. Fletcher.

PARTNERSHIP.—*Suit on Promise of One Partner.—Parties.*—In a suit upon the promise of one partner to pay the debts of the firm on dissolution, the remaining partner is not a necessary party defendant.

SAME.—*Husband and Wife.—Pleading.—Practice.*—In such suit, originating before a justice of the peace, no error is committed in sustaining a demurrer to an answer which alleges that the services for which the firm was indebted were rendered by the plaintiff while a married woman, and that the defendant had settled with her husband for them, as such defence is admissible without plea.

SAME.—*Wife Competent Witness.*—The wife, the plaintiff in such case, is a competent witness.

SAME.—*Wife's Earnings.—Evidence.*—It is not error in such action to admit in evidence a written instrument, executed by the husband (then a member of the firm) to the wife on behalf of the firm, certifying that she was entitled to remuneration from the firm for the services thereafter to be rendered, for the purpose of showing that the claim for her services belonged to her.

Powers *v.* Fletcher.

PRACTICE.—*Special Finding.*—*Judgment.*—Where the court finds the facts specially, but states no conclusions of law thereon, such statement only amounts to a general finding, and a motion for judgment thereon can not be maintained, as such motion is not contemplated by the statute.

From the Allen Circuit Court.

*L. M. Ninde* and *T. E. Ellison,* for appellant.
*H. Colerick, J. Q. Stratton* and *E. Stratton,* for appellee.

BEST, C.—This action was brought by the appellee against the appellant and originated before a justice of the peace. On appeal to the circuit court an amended complaint was filed which averred substantially that the firm of Fletcher & Powers, composed of Charles P. Fletcher and the appellant, was, on the 12th day of July, 1878, indebted to the appellee in the sum of $85 for labor done and performed for said firm at its instance and request, a bill of particulars of which is filed; that, on the 13th day of said month said firm was dissolved by mutual consent, and the appellant, for a valuable consideration, agreed and promised the appellee to pay said claim. Wherefore, etc.

A demurrer for the want of facts, and because Charles P. Fletcher was not made a defendant, was overruled and an exception taken.

Thereupon the appellant filed an answer of four paragraphs. The first averred that the appellee was the wife of Charles P. Fletcher at the time the services mentioned in the complaint were rendered for said firm, and was still his wife. The second averred in substance that the appellee was the wife of Charles P. Fletcher at the time said services were rendered, and that she is still his wife; that after the rendition of said services, and before the commencement of this suit, the appellant settled with said Charles P. Fletcher and paid him for said services, without any knowledge that the appellee had or pretended to have any claim against said firm or this appellant. The third was the same as the first, and the fourth averred that the appellee " sat by and heard " said Charles P. Fletcher settle with appellant for all claims he held against

him or said firm, and that at the time the appellant had no knowledge that the claim sued upon had been transferred to the appellee, by reason of which she is estopped to assert said claim.

A demurrer, for the want of facts, was sustained to the second and fourth paragraphs of the answer; an exception was taken; a trial had; a finding made for the appellee; and, over a motion for a new trial, final judgment was rendered upon the finding.

The appellant assigns as error the order of the court in overruling the demurrer to the complaint; in sustaining the demurrer to the second and fourth paragraphs of the answer; in overruling the motion for a new trial; and in refusing to render judgment for the appellant upon the facts specially found.

It is not insisted that the facts stated in the complaint are not sufficient to constitute a cause of action, but it is urged that Charles P. Fletcher, the appellant's co-partner, should have been made a defendant, and that the demurrer, for this cause, should have been sustained. If the complaint counted upon the alleged indebtedness of the firm to the appellee, this position would be well taken, but it does not. It counts upon the promise of the appellee to pay said indebtedness, and the indebtedness itself only furnishes the consideration for the promise. It is analogous to the case where one partner gives his note for the indebtedness of the firm. In such case the indebtedness of the firm is the consideration of the note; but, in a suit upon the note the remaining partner is not a necessary party to the suit. So, in this case, Fletcher was not a necessary party to the suit, and the demurrer for such cause was properly overruled.

Nor was there any available error in overruling the demurrer to the second and fourth paragraphs of the answer. This action originated before a justice of the peace, and all the defences specially pleaded were admissible in evidence without plea. In such case a judgment will not be reversed, because

the court sustained a demurrer to one or more good paragraphs of an answer. *Lingenfelser* v. *Simon*, 49 Ind. 82.

There was, therefore, no available error in the ruling of the court upon the demurrer to the second and fourth paragraphs of the answer.

The motion for a new trial embraced several reasons, and among others it is insisted that the court erred in permitting the appellee to testify as a witness; that it erred in admitting in evidence a written agreement made by the firm of Fletcher & Powers with the appellee, and that the finding was not sustained by, and was contrary to, the evidence.

No reason has been suggested and none occurs to us why the appellee was not a competent witness in this case. It is said that if the suit had been against the firm of Fletcher & Powers she would not have been a competent witness, as she was the wife of Fletcher, and the same rule must apply in this case; but we think otherwise. The suit, as before stated, was upon the promise of appellant to pay the debt, which it was alleged the firm owed the appellee, and in such case she was a competent witness.

The evidence shows that the appellee was the wife of Charles P. Fletcher at the time the services mentioned in the complaint were rendered, and that she was still his wife; that Charles P. Fletcher and the appellant were partners for some years, and until the 13th day of July, 1878, when the firm was dissolved, and that the appellant, at that time, in consideration of such dissolution, executed a written agreement with said Fletcher, whereby he obligated himself to pay all the debts of said firm; that Charles P. Fletcher delivered to the appellee before the services were rendered, the following instrument, viz.: "This is to certify that Mrs. Jennie Fletcher is to have full control of all money earned for cutting, making, mending and washing slip-linings for hacks. Also, for furnishing bedding for use of omnibus and hackmen in the employ of Fletcher & Powers, and for taking care of and washing said bedding; also for any other work done and per-

formed by her for the benefit of said firm, and after this 24th day of July, 1873.                    FLETCHER & POWERS."

The evidence also tended to show that the services mentioned were rendered after the 1st of April, 1878, and prior to the 13th of July of the same year; that the use of some beds belonging to the appellee were furnished, and that their use and the services rendered were reasonably worth the sum charged.

This was the case made by the evidence, and the question arises whether any error was committed in permitting the above instrument to be read in evidence. The promise of the appellant to pay the debts of the firm, upon which the appellee relied, was contained in a different instrument, and the instrument in question was not offered for such purpose, nor did it tend to prove such promise. The evidence, aside from this instrument, clearly proved the rendition of the services for the firm, and the only purpose that this instrument could subserve was to show that the earnings of the appellee, which would otherwise appear to belong to her husband, did in fact belong to her, and that the firm was, as she averred, indebted to her, and not to the husband. At the common law the earnings of the wife belong to the husband, but he might give them to her. Schouler Husband and Wife, sections 149 and 243.

It has been held, that when a husband agrees that his wife shall have the proceeds of her labor, and the wife, in pursuance of such assurance, renders services for a third party, who is aware of the arrangement, the wife may maintain an action against such person for such services. Mason v. Dunbar, 43 Mich. 407 (38 Am. R. 201); Meriwether v. Smith, 44 Ga. 541.

If a knowledge of the arrangement by the other contracting party is essential to the maintenance of the action, the evidence in this case abundantly justified the court in finding that fact. The arrangement itself was made with the husband, a member of the firm, and for like services rendered prior to

the time these services were rendered the firm had frequently paid the appellee. This was sufficient evidence upon this point to justify the finding. It is insisted, however, that this instrument did not bind the husband, and as it did not bind him it did not bind the firm, and, therefore, the claim did not constitute a debt of the firm, and, of course, his agreement to pay the debts of the firm did not obligate him to pay for these services. Without deciding whether the appellee could or could not have maintained an action against the firm for these services, we think that their rendition under the circumstances stated equitably entitled her to the compensation, and that the claim constituted a debt against the firm for which the appellant, under his agreement, was liable. *Farman* v. *Chamberlain*, 74 Ind. 82.

We are therefore of opinion that no error was committed in permitting the above instrument to be read in evidence.

We can not disturb the finding of the court upon the evidence, as it tended to support every material averment in the complaint.

Nor was there any error in overruling the motion of the appellant for judgment upon the special finding of facts. The court made a statement of the facts found, but did not state conclusions of law, nor, as it appears, render judgment thereon. In such case the finding merely amounts to a general finding. No exception was taken to the failure of the court to state conclusions of law upon the facts found, and, as a motion for judgment upon the facts found is not contemplated by the statute, the ruling presents no question. Code of 1852, section 341. *Cruzan* v. *Smith*, 41 Ind. 288.

This disposes of all the questions discussed by appellant, and, as there does not appear to be any error in the record, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.