## 22972. SPEER *et al. v.* JOHNSON.

DECIDED MARCH 2, 1934.

*Alston, Alston, Foster & Moise, William H. Sibley,* for plaintiff in error.

*McElreath & Scott, J. Lon Duckworth,* contra.

STEPHENS, J. Sam A. Johnson sued Mrs. Katy Silvey Speer and William A. Speer, doing business as John Silvey & Company, in the municipal court of Atlanta, to recover for an alleged breach of contract by the defendants to pay him the sum of $250 as salary from January 15, 1932, to February 1, 1932. By an amendment it was alleged that the contract, which was in writing, consisted of a letter dated October 12, 1931, from the defendants to the plaintiffs, as follows: "The change in our plan of liquidation from wholesale to retail make it possible for us to comply with your request to be released immediately from further service with John Silvey & Company. However, we agree to continue to mail your regular salary check of $250.00 on the first and fifteenth of each month until the expiration of your contract, which is December 31st, 1932. It is

also understood and agreed by you to remit to us monthly all monies earned by you from your actual services up to and including December 31st, 1932." By a second amendment to the petition it was alleged that when the alleged contract was entered into, evidenced by the letter, there was an existing contract between the plaintiff and the defendants by which the plaintiff was employed by the defendants at the same salary from January 25, 1931, to December 31, 1932.

It nowhere appears from the petition that the plaintiff performed any services in the employ of the defendants for and in consideration of the salary sued for, or that he performed any services for others or earned any money in the employ of any one else. It is alleged in the petition that it was agreed between the parties that the proper interpretation of the clause in the alleged contract of October 12, 1931, relative to the remittance to the defendants by the plaintiff of monies earned by the plaintiff during the period of the contract was that "it was not incumbent upon the plaintiff to obtain employment, but that should he obtain employment he should account to the defendants for whatever money or salary he actually earned." It was also alleged that the plaintiff had complied with his obligation under the contract.

A demurrer to the petition as amended, upon the ground that it failed to set out a cause of action, and that the alleged contract of October 12, 1931, showed upon its face it was without consideration, was sustained. This judgment sustaining the demurrer was reversed by the appellate division of the municipal court. On certiorari this judgment was overruled by the superior court. To the judgment of the superior court the defendants excepted.

The matter contained in the amendment arose out of the same transaction or subject-matter, and the amendment was properly allowed. The petition as amended, therefore, must be construed as alleging a contract of employment from January 25, 1931, to December 31, 1932, with the modification thereof contained in the alleged contract of October 12, 1931. In the alleged contract of October 12, 1931, it was agreed that the plaintiff's services should be dispensed with for the remainder of the period, that is until December 31, 1932, that for the remainder of the term he would be paid the same salary as provided in the original contract, and that whatever the plaintiff earned by his services elsewhere during that

period should be paid to the defendants. By the alleged contract of October 12, 1931, the defendants agreed to release the plaintiff from his obligation to perform services for them under the existing contract, in consideration of the plaintiff's agreement to give to the defendants whatever monies he might earn by his services elsewhere. The contract of October 12, 1931, in so far as it contains any provision for the payment of salary to the plaintiff until December 31, 1932, is but a repetition of the obligations of the parties under the original contract. Under the original contract, as modified by the agreement of October 12, 1931, the plaintiff, although his actual services to the defendants had been dispensed with, is, where he has complied with his obligations under the contract as thus modified, entitled to the salary sued for.

The provision in the alleged contract of October 12, 1931, that the plaintiff agreed "to remit to [the defendants] monthly all monies earned by [him] from [his] actual services up to and including December 31, 1932," can not mean that the plaintiff should remain idle and not seek employment elsewhere. It simply placed upon him the duty which would devolve upon him by law, to minimize his damage had the defendants' act in dispensing with his services amounted to a breach of the contract.

The written agreement of October 12, 1931, is such a written memorandum as to the terms of the original agreement as satisfies the statute of frauds.

It is not necessary that the plaintiff allege in the petition any facts to justify his failure to mitigate the damages. In alleging his damage in the amount of the earned salary which had not been paid, he has alleged a prima facie case; and whether he should have mitigated the damages by seeking employment elsewhere is defensive matter. *Mimms* v. *Betts Co.*, 9 *Ga. App.* 718 (2) (72 S. E. 271); *Southern Upholstering Co.* v. *Lieberman*, 27 *Ga. App.* 703 (109 S. E. 509); *Branon* v. *Ellbee Pictures Cor.*, 42 *Ga. App.* 293 (155 S. E. 923).

The petition as amended set out a cause of action, and the judge of the municipal court erred in sustaining the general demurrer thereto. The judgment of the superior court overruling the certiorari is affirmed.

*Judgment affirmed.   Jenkins, P. J., and Sutton, J., concur.*