24823.   SPEER *et al. v.* JOHNSON.

DECIDED FEBRUARY 18, 1936.

*Alston, Alston, Foster & Moise, W. H. Sibley,* for plaintiffs in error.

*McElreath & Scott, J. Lon Duckworth,* contra.

BROYLES, C. J.   Sam A. Johnson brought suit against Mrs. Katie Silvey Speer and William A. Speer, doing business as John Silvey and Company, for $5250, and interest thereon, and alleged, in substance, that the defendants employed him in the capacity of general manager of John Silvey and Company, a wholesale dry goods business, at a salary of $600 per month, beginning April 15, 1930, and ending December 31, 1931; that in January, 1931, in order to reduce expenses, plaintiff agreed to have his salary reduced to $500 per month, and in consideration of this reduction the defendants extended his term of employment to December 31, 1932; that about October 12, 1931, the defendants decided to change from a wholesale business to a retail business, and to supplant plaintiff in the management and control of said business; that "the defendants agreed with your petitioner that in consideration of his releasing them from their agreement to employ him to manage their business, thereby enabling them to change the business from a wholesale to a retail business, that they would release him from

further duties, and submitted to your petitioner a letter, dated October 12, 1931, [setting out an agreement]—which [agreement] your petitioner accepted, and severed his connection with said concern;" that said letter is as follows: "John Silvey & Co., 114 Marietta St., Atlanta, Ga. October 12, 1931. Mr. Sam A. Johnson, 1107 West Peachtree Street, Atlanta, Ga. Dear Mr. Johnson: The change in our plan of liquidation from wholesale to retail make it possible for us to comply with your request to be released immediately from further services with John Silvey & Company, however, we agree to continue to mail your regular salary check of $250 on the first and fifteenth of each month until the expiration of your contract which is December 31, 1932. It is also understood and agreed by you to remit to us monthly all monies earned by you from your actual services up to and including December 31, 1932. [Signed] John Silvey & Co. W. A. Speer, Mrs. Katie Silvey Speer. I hereby agree to and accept the above proposition and agreement. [Signed] Sam A. Johnson. Witness to all signatures, J. B. Johnson, E. E. Altman, H. Myers;" that in compliance with this letter of October 12, 1931, "your petitioner ceased to perform any duties incident to the business of John Silvey & Company, and the defendants mailed your petitioner their check for $250 on the 1st and 15th of each month until January 15, 1932, at which time the defendants failed and refused to comply with said agreement, and have since failed and refused to pay your petitioner in compliance with said agreement;" that he has filed two suits in the municipal court of Atlanta for salary due from January 15, 1932, until February 15, 1932, which suits were filed immediately upon said salary becoming due; that the term of his employment has expired, and he has not earned any money during said term except approximately $12.50, which has been credited on one of the suits already pending. A motion to consolidate the two municipal court cases (one of which had come to the Court of Appeals) and the instant case was granted, and the plaintiff, in compliance with the order of the court, by amendment set out that the salary sued for in the two municipal court cases was "due under the same transaction set out in plaintiff's original petition in this case," and prayed judgment for said sums ($500), plus the amount sued for in the original petition in this case, together with interest from the date the salaries were due.

The defendants filed general and special demurrers to the petition, alleging that the contract sued on was without consideration, without mutuality; that the petition does not show whether the original proposition of employment made by the defendant to the plaintiff was in writing or oral, does not show whether the agreement to reduce the plaintiff's salary from $600 to $500 was written or oral, or that there was any consideration therefor; that the agreement embodied in the letter of October 12th, is without consideration and lacking in mutuality; that no proper measure of damages is set up; and that the petition is duplicitous in that it attempts to set up in one suit a cause of action based on the oral contract of employment made in February, 1930, and also on the written agreement dated October 12, 1931. The demurrers were overruled, and the defendants excepted pendente lite and assign error thereon in their bill of exceptions.

The jury returned a verdict in favor of the plaintiff. The defendants filed a motion for new trial, which was overruled, on which ruling the defendants assign error.

The case in the municipal court which came to this court, *Speer* v. *Johnson*, 48 *Ga. App.* 759 (173 S. E. 449), involved the same parties, same contract, same pleadings, and same transaction as the instant case; and under that authority the court properly overruled the demurrers in the instant case. Indeed, the petition in the case previously decided was held to have set out a cause of action, though it failed to show that the plaintiff had earned anything at all; while the petition in the instant case shows that the plaintiff had earned a small amount (after the suits were filed) which was credited on one of the suits already pending in the municipal court.

The 4th ground (1st special ground) of the motion for a new trial alleges that the court erred in failing to charge the jury with reference to the defendants' counter-claim. The only counter-claim that the defendants had was what the plaintiff earned or should have earned during the duration of the contract; and the court charged the jury that "This provision in said agreement placed upon the plaintiff the duty of securing, if possible, profitable employment, and placed upon him the duty of exercising reasonable diligence to have secured profitable employment in the same or similar business, that is business in the same general line that

he was performing for defendants under the term of employment of plaintiff by them, and which by reason of his release from the performance of the services required of him by the defendants, under the original contract, and any earnings which were realized, and might have been realized by the plaintiff, in the exercise of reasonable diligence to secure employment up to the end of said agreement, which was December 31, 1932, would go in mitigation of the amounts due the plaintiff under said agreement. . . If the plaintiff, through negligence or wilfulness, remained out of employment, he can not recover the amount sued for in this case, if by the exercise of reasonable diligence he could have received or secured profitable employment which would minimize the amount due him by the defendants, or would have paid the amount so due the plaintiff in full. The plaintiff could not remain idle and fail to seek employment elsewhere and claim the amounts due him by defendants if he could by exercising due diligence have secured profitable employment to mitigate the amounts due him by defendants." This, and other similar instructions in the charge, fully presented the contentions of the defendants on this issue. As to whether the plaintiff did earn more or could have earned more was a question of fact for the jury, and the burden of proving same was on the defendants. See *Speer* v. *Johnson,* supra. It is undisputed that the defendants got credit for all that was shown to have been earned by the plaintiff during the period of the contract, and this is all that the defendants could possibly recover under the evidence adduced.

Ground 5 of the motion complains that the court failed to charge the jury that if the plaintiff resigned he could not recover. The letter of October 12th, which is binding on both parties litigant, precludes any idea that the plaintiff agreed to resign without demanding his rights under his contract of employment. If the plaintiff had refused to fulfill his part of the contract of employment he could not have collected his salary; and if the defendants could have been relieved of paying his salary because of his resignation, they would not have agreed in writing to pay it. The writing was an acknowledgment that the resignation of the plaintiff was linked with and contingent upon an agreement of the defendants to pay his salary. The record shows that the plaintiff told the defendant William A. Speer to "just pay me up and I will

step out. . . If you will just pay me off I will step out of the picture." This too shows that the plaintiff's resignation was contingent on his being paid what was due him under his contract. Moreover, the defendants did not plead a resignation or voluntary termination of the contract, but admitted the writing dated Oct. 12, 1931, as being the termination of the services of the plaintiff, and contended that the plaintiff did not comply with his obligation thereunder.

Ground 6 of the motion is without merit, as the court fully charged that it was the duty of the plaintiff to minimize the damage to him by exercising due diligence to obtain employment.

Ground 7 of the motion complains that the court failed to charge that the writing dated October 12th, but admittedly executed on Sunday, October 11th, is not a legal contract. In the first place there is nothing in the writing which shows that it was executed or *effective* prior to October 12th, which admittedly was Monday. Secondly, the defendants did not plead that the writing was invalid, but on the contrary relied upon it and contended that the plaintiff had not complied therewith. Thirdly, it did not purport to be a contract within itself, but merely altered or modified the terms, and was written evidence of an existing and binding contract which was valid. Fourthly, it was acted upon and *ratified* by the defendants who paid the salary therein referred to, every two weeks for approximately eight weeks, and the payments were accepted by the plaintiff. This being true, "its terms were enforceable as if it had not been made on Sunday." *McAuliffe* v. *Vaughan,* 135 *Ga.* 853 (2) (70 S. E. 322, 33 L. R. A. (N. S.) 255, 22 Ann. Cas. 290) ; *Meriwether* v. *Smith, 44 Ga.* 541.. See also *Bryant* v. *Booze,* 55 *Ga.* 439 (6), 449 (6).

The charge complained of in the 8th ground of the motion is in accordance with the ruling in *Speer* v. *Johnson,* supra.

The court did not err, as alleged in the 9th ground of the motion, in charging the jury that "this provision in said agreement [of October 12, 1931] placed upon the plaintiff the duty of securing, if possible, profitable employment, and placed upon him the duty of exercising reasonable diligence to have secured profitable employment in the same or similiar business, that is business in the same general line that he was performing for defendants under the term of employment of plaintiff by them. . . " As held

in the *Speer* case, supra, "The contract of October 12, 1931, in so far as it contains any provision for the payment of salary to the plaintiff until December 31, 1932, is but a repetition of the obligations of the parties under the original contract. Under the original contract, as modified by the agreement of October 12, 1931, the plaintiff, although his actual services to the defendants had been dispensed with, is, where he has complied with his obligations under the contract as thus modified, entitled to the salary sued for." The court's holding in that case that the petition set out a cause of action though it did not show that the plaintiff had earned anything, establishes the fact that a recovery could be had without the plaintiff earning anything. Under the original contract the plaintiff, though subject to the authority of his employer, acted in the capacity of general manager of a wholesale dry-goods business, at a salary first of $600, and later, $500 per month. This being true, he would not be obligated to accept employment that would prove detrimental to him in a business way, or employment in a business with which he was not familiar. As stated in the *Speer* case, supra, the agreement "simply placed upon him the duty which would devolve upon him by law, to minimize his damage had the defendants' act in dispensing with his services amounted to a breach of the contract." In *Roberts* v. *Crowley*, 81 *Ga*. 429, 439 (7 S. E. 740), Chief Justice Bleckley, speaking for the court, said: "Of course the discharged servant is bound to use due diligence to prevent the loss from being more than necessary, and to that end must seek employment in *similar business* and derive such income from it as he reasonably can which is to be deducted in fixing the damage to be recovered. The *burden*, however, of showing that he did obtain employment, or could have obtained it by due diligence, is on the *other party*." (Italics ours.) In 18 R. C. L., p. 529, it is said: "The 'other employment' that the discharged employee is bound to seek is employment of a character substantially similar to that of which he has been deprived; he need not enter upon service of a more menial kind. Nor, as a general proposition, need he accept work at another place." The evidence as to plaintiff being offered any employment at all was conflicting. One Altman claimed to have acted for defendant Speer and offered the plaintiff employment; but the plaintiff testified: "He didn't really offer me work." The defendants claimed that the Richmond

Dry Goods Company offered the plaintiff work; but the plaintiff testified: "I never heard a word from the Richmond Dry Goods Company. I never refused to work for them." The plaintiff further testified that he tried every way possible to procure work, but that this was at a time of business depression when thousands were out of employment and it was practically impossible to procure a position, and that, with the exception of a small real estate commission earned after the defendants ceased to pay him, he could not earn anything, and was forced to borrow on his life insurance and greatly curtail his living expenses.

The court did not err in charging that the burden of showing what the plaintiff earned or could have earned was on the defendant, as alleged in the 10th ground; nor in failing to charge the measure of damages, as alleged in the 11th ground of the motion. The charge was fair to the defendants.

There was evidence to show the following: The defendants employed the plaintiff at a salary of $600 per month, beginning April 15, 1930, and ending December 31, 1931. This contract was acted upon and *ratified* by both parties. See *Bagwell v. Milam,* 9 *Ga. App.* 315 (4) (71 S. E. 684); *Williams* v. *Garrison,* 21 *Ga. App.* 44 (2) (93 S. E. 510). In January, 1931, in order to reduce expenses, the plaintiff agreed to a reduction of salary, and in consideration thereof the defendants extended his term of employment to December 31, 1932. This contract was acted upon and *ratified* by both parties. In October, 1931, the defendants decided to change from a wholesale to a retail business, and wished to supplant the plaintiff in the management thereof. They recognized, however, that they were under a contract to retain and pay the plaintiff until December 31, 1932. Plaintiff agreed that in consideration of the defendants continuing to pay him his salary, as they were bound to do under his contract with them, he (who was accustomed to managing a wholesale business) would get out and thus facilitate their changing from a wholesale to a retail business, and would also remit to the defendants "all monies" earned from his actual services. This resulted in the written agreement of October 12, 1931, which was acted upon and *ratified* by both parties, the plaintiff going out, and the defendants paying him his regular salary for several weeks, as per agreement. It will be noted that in this agreement of October 12, 1931, the defendants

recognize a previous, binding contract, they making reference therein to "the expiration of your contract which is December 31, 1932," and agree to pay the regular salary due under that contract. It will be noted also that the agreement does not bind the plaintiff to earn anything, but simply binds the plaintiff to remit to the defendants "all monies" that he might earn from actual services. If he earned or should have earned more than was shown, the burden was on the defendants to prove this to the satisfaction of the jury. It is not a question of law for determination by the courts.

The jury determined the issues of fact in favor of the plaintiff; no error of law is shown; and the court did not err in overruling the motion for new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*