A90A1070. DUKE v. WILLIAMS et al.
(399 SE2d 544)

BIRDSONG, Judge.

Fraser M. Duke appeals from a judgment, based upon a jury verdict, awarding damages of $213,200 to Joseph B. Williams, Aubon Higgins, and Williams & Higgins and Associates, d/b/a Williams-Higgins & Company (collectively "Williams & Higgins") on their claims against Duke for breach of consulting contract. The error enumerated is that the trial court erred by ruling the non-refundable, non-cancellable retainer or minimum fee of $213,200 was not a penalty. Specifically, Duke argues that the trial court's denial of his motions for a directed verdict and for j.n.o.v. on that ground should be reversed. *Held*:

1. We note at the outset that the trial court erred by submitting to the jury the issue of whether the contract provided for liquidated damages or a penalty. See *Liberty Life Ins. Co. v. Thomas B. Hartley Constr. Co.*, 258 Ga. 808, 809 (375 SE2d 222). The trial court was required to decide this issue as a matter of law, and unless after ap-

plying the usual rules for contract construction an ambiguity remains (see, e.g., *Lineberger v. Williams*, 195 Ga. App. 186, 190 (393 SE2d 23)) to submit to the jury only those issues which should be decided by the finder of fact. Since no objection was made to the procedure in this case, however, we will not consider it. Further, since the contract provision in question, by definition, is not one for liquidated damages, there was no prejudicial error.

2. The transcript shows that Williams & Higgins were employed by Duke when the parties discussed Williams & Higgins becoming independent consultants under contract to Duke. An earlier proposal was rejected because Duke found it unreasonable and excessively high, but on August 8, 1988, the parties signed the consulting agreement in question.

On August 25, 1988, however, Duke notified Williams & Higgins' attorney that he no longer wanted their services as consultants. On September 20, 1988, Williams & Higgins filed suit for damages arising from the breach of the retainer agreement. Their complaint alleged claims for breach of contract, fraud in the inducement, and quantum meruit.

After the close of the evidence and Duke's motion for a directed verdict was denied, the jury was charged, without objection, on the issues in the case and the jury was instructed to return separate verdicts on each of the plaintiff's claims, i.e., general damages, liquidated damages, attorney fees and expenses of litigation. Instead, however, the jury returned a verdict for Williams & Higgins as follows: "We, the jury, find in favor of the plaintiff $213,200. We find no other fees. . . ." No objection was made to the form of the verdict.

The pertinent portions of the Consulting Agreement are as follows: "2. *Term.* [The term of the contract is for five years beginning August 1, 1988,] unless terminated earlier pursuant to the terms of this Agreement. However, in no event shall this agreement be terminated prior to August 1, 1990; unless Consultant's full Minimum Fee as set forth in Paragraph 4 has been paid. . . . 4. *Compensation.* Consultant shall be entitled to compensation totaling $572,000, payable weekly beginning August 1, 1988 and ending July 31, 1993 on the following schedule: [$2,000 per week for the first year and increasing by $100 per week annually to $2,400 in the last year of the contract.] . . . Consultant waives a non-refundable retainer in lieu of client guaranteeing the payment of weekly fees as non-cancelable for two years from the date of this Agreement or a minimum fee of $213,200 regardless of what companies client owns or operates to client and regardless of the minimum amount of time spent by consultant to perform its services. Once one or more of the consulting individuals terminates their employee relationship with any company owned by client then the two year minimum fee shall be deemed fully earned

and payable. . . . 16. *Assignment.* . . . [Duke] shall be liable to pay [Williams & Higgins'] fee for the minimum fee and for services to his companies once services have been rendered prior to a six month termination date."

Although Duke argues that these provisions establish a penalty for terminating the contract within the first two years, these provisions do not call for either a penalty or liquidated damages. "If the parties agree in their contract what the damages for a breach shall be, they are said to be liquidated and, unless the agreement violates some principle of law, the parties are bound thereby." OCGA § 13-6-7. "A liquidated damages analysis is inapplicable to the case at hand since the . . . agreement does not purport to be a stipulated sum for damages for a breach. . . . If not liquidated damages, then what? As a reading of the contract suggests, the disputed provision simply describes the price to be paid for [Williams & Higgins'] services." (Citation and punctuation omitted.) *Royal Crown Cos. v. McMahon*, 183 Ga. App. 543, 545 (359 SE2d 379).

As the provisions in the contract at hand do not in any fashion connect Duke's obligation to pay the minimum fee with any breach of the contract, they cannot be a liquidated damages provision. Therefore, the tripartite test set forth in *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 230 (227 SE2d 340), has no application to this case.

"In determining whether the trial court erred by denying [Duke's] motion for a directed verdict and motion for judgment n.o.v., this court must view and resolve the evidence and any doubt or ambiguity in favor of the verdict. A directed verdict and judgment n.o.v. [are] not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a certain verdict." (Citation, punctuation and emphasis omitted.) *Southern Store &c. Co. v. Maddox*, 195 Ga. App. 2, 3 (392 SE2d 268). Duke's motions fail on all counts.

As this was a service contract, it is analogous to an employment contract and the measure of damages was the value of the contract to Williams & Higgins minus amounts paid them by Duke and whatever amounts they could have earned after the contract was terminated. See *Autotax v. Data Input Corp.*, 136 Ga. App. 141, 142 (220 SE2d 456). Further, although Williams & Higgins were obligated to mitigate their loss, the burden was on Duke to prove that with reasonable diligence they could have found other consulting work. See *Russell v. Hughes*, 244 Ga. 634, 635 (261 SE2d 584); *Speer v. Johnson*, 52 Ga. App. 636, 639 (184 SE 388). Review of the record shows that Williams & Higgins proved their entitlement under the contract and that Duke simply failed to prove that any set-off was appropriate. Accordingly, the trial court did not err by denying Duke's motions.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 19, 1990 —
REHEARING DENIED DECEMBER 4, 1990.

*Winship E. Rees*, for appellant.
*Lipshutz, Greenblatt & King, James V. Zito*, for appellees.