**FIFTH DIVISION**
**MCFADDEN, P. J.**
**BROWN AND MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 29, 2024**

# In the Court of Appeals of Georgia

A23A1206. NAIK v. HYDE PARK HOMES, INC.

MCFADDEN, Presiding Judge.

Nisha Naik appeals the grant of summary judgment to Hyde Park Homes, Inc. in her action for the return of a $100,000 nonrefundable construction deposit that she paid Hyde Park under an assignment agreement. She argues that the trial court erred by considering Hyde Park's response to her motion for summary judgment, but we hold that the decision to consider the response was within the trial court's discretion. She argues that the parties' assignment agreement is not an enforceable contract, so that Hyde Park has no legal right to retain the $100,000, but we hold that it is enforceable and that she may not repudiate it because she retains the benefit she received under the agreement. She argues that the nonrefundable construction deposit

was an unenforceable liquidated damages penalty, but we disagree because the parties' agreement did not tie the payment of the deposit to any breach. Finally, Naik argues that the trial court erred by granting summary judgment because material issues of disputed fact remain, but we hold that any disputed facts are not material to the grant of summary judgment. So we affirm.

1. *Background*

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." *JBM Investments v. Callahan Indus.*, 293 Ga. App. 580, 582 (1) (667 SE2d 429) (2008).

So viewed, the record shows that Hyde Park, a custom home builder, entered a purchase and sale agreement to purchase a lot from Javier Gonzalez. Immediately afterwards, Naik communicated to Hyde Park an interest in acquiring the lot and retaining Hyde Park to build a house on it.

She and Hyde Park entered an agreement in which Hyde Park assigned to Naik its rights under the purchase and sale agreement with Gonzales. The assignment agreement provided that

> In consideration of the sum of Ten and No/100 Dollars ($10.00) cash in hand paid by [Naik] to [Hyde Park], and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, [Hyde Park] hereby transfers and assigns to Naik all right, title, and interest of [Hyde Park], as "Purchaser," in and to that certain Purchase and Sale Agreement, with a Binding Agreement Date of February 17, 2017, between, Javier Gonzalez as Seller, and [Hyde Park], as Purchaser (hereinafter referred to as the "Agreement"), regarding the sale and conveyance of certain real property located at [an address in Gwinnett County]. . . . .

> [Hyde Park] is assigning the Agreement to [Naik] with the understanding that [Naik] will engage [Hyde Park] to construct a new home on the property. If not for the additional consideration of constructing the new home on the Property, [Hyde Park] would not assign the Agreement. [Naik] agrees to pay [Hyde Park] a non-refundable construction deposit of $100,000.00 in Certified Funds at closing to be held in escrow by [Hyde Park]. The non-refundable construction deposit shall not be used as payment toward any portion of the construction progress. The non-refundable construction deposit shall be deducted from the final payment of any construction contract between the parties.

3

Naik paid $100,000 to Hyde Park and purchased the lot from Gonzalez for the same price Hyde Park had agreed to pay him.

But Naik did not "engage [Hyde Park] to construct a new home on the property" pursuant to the assignment agreement. As of September 2020, more than a year after Naik had filed her lawsuit, no house had been built on the property. Naik demanded that Hyde Park return the $100,000. Hyde Park refused to return the money and Naik filed this action.

Naik filed a motion for partial summary judgment, arguing that Hyde Park had no legal right to retain the $100,000 because there was no valid contract between the parties and because the construction deposit amounted to illegal liquidated damages. Hyde Park filed a motion for summary judgment, arguing that the $100,000 was the consideration for the assignment agreement, since Naik had not engaged it to construct her house. The trial court granted Hyde Park's motion and denied Naik's motion, and Naik filed this appeal.

2. *Motion to strike response to summary judgment*

As an initial matter, we reject Naik's argument that the trial court erred by denying her motion to strike Hyde Park's response to her motion for summary judgment.

Per court order, Hyde Park had until September 4, 2020, to file its response to Naik's motion for partial summary judgment. Hyde Park submitted its response via the court's electronic filing system on Friday, September 4, 2020, and at 5:25 p.m. that day, received an e-mail from the system that the filing had been "successfully transmitted." On September 8, 2020, the Tuesday following the Labor Day holiday, counsel for Hyde Park received an e-mail from the system stating that the filing had been rejected because an affidavit, which counsel had submitted in two parts because of its size, did not have a cover page. Counsel immediately resubmitted the filing with a cover page, and the filing was accepted.

"[S]tate court clerks have the legal duty to file pleadings. . . . These duties of the clerk relating to the filing of pleadings are ministerial in nature and do not involve the exercise of discretion." *Alexander v. Gibson*, 300 Ga. 394, 395 (794 SE2d 597) (2016) (citations and punctuation omitted). We need not decide whether the clerk violated his duty by failing to file Hyde Park's response when it was submitted,

because under these facts, Naik has failed to show that the trial court abused his discretion in denying the motion to strike the response as untimely. See *Hosley v. Davidson*, 211 Ga. App. 529, 530 (1) (439 SE2d 742) (1993) (under Uniform State Court Rule 6.2, trial court has the discretion regarding the period of time by which a party must respond to a motion in a civil case).

3. *Assignment contract*

Naik argues that the parties' agreement was not a valid, enforceable contract because it did not address any terms related to Hyde Park's construction services. We disagree because the parties' contract is an assignment, not a contract for construction services. In any event, Naik has retained the benefits under the contract and so cannot repudiate it.

"An assignment is an absolute, unconditional, and completed transfer of all right, title, and interest in the property that is the subject of the assignment, with the concomitant total relinquishment of any control over the property." *Allianz Life Ins. Co. of North America v. Riedl*, 264 Ga. 395, 397 (2) (444 SE2d 736) (1994) (citation and punctuation omitted). "An assignment is a contract and, in order to be valid, must possess the same requisites (parties, subject matter, mutual assent, consideration) as

6

any other contract." *Bank of Cave Spring v. Gold Kist*, 173 Ga. App. 679, 680 (1) (327 SE2d 800) (1985) (punctuation omitted).

Here, the parties' agreement was an assignment to Naik of Hyde Park's rights under the sale and purchase agreement to purchase the Gonzalez property. See *JBM Investments*, 293 Ga. App. at 580. As consideration for the transfer of Hyde Park's rights, Naik had the choice of engaging Hyde Park to construct her house and receiving a credit in the amount of the nonrefundable deposit against her final payment, or of allowing Hyde Park to keep the nonrefundable deposit. The language did "not bind or obligate [Naik to construct a house] at all, and she retain[ed] the privilege [of hiring a different builder]," *U. S. Enterprises v. Mikado Custom Tailors*, 250 Ga. 415, 416 (297 SE2d 290) (1982), but in that case, Hyde Park would be entitled to keep the nonrefundable deposit. Naik received the benefit of the assignment agreement because she purchased the Gonzalez property that Hyde Park had the right to buy.

A contract is supported by consideration, even where a promisor reserves a choice of alternative performance, if "each of the alternative performances would have been consideration if it alone had been bargained for." Restatement (Second) of

Contracts § 77 (1981). Comment (b) to the Restatement explains that "[a] promise in the alternative may be made because each of the alternative performances is the object of desire to the promisee. . . . [T]he promise is consideration if it cannot be kept without some action or forbearance which would be consideration if it alone were bargained for." Id. cmt. b. Such is the case here.

And the undisputed evidence shows that Hyde Park transferred its contractual rights to Naik, she paid $100,000 to Hyde Park, and she purchased the Gonzalez property that Hyde Park had contracted to buy. Because Naik retains the benefit received under the assignment agreement, she may not repudiate the contract. *Burgamy v. Holton*, 165 Ga. 384, 397 (141 SE 42) (1927) ("Nothing could be clearer than the proposition that where one person delivers to another property, to be retained upon a condition stated, the party receiving it can not retain the property and repudiate the condition.") (citation and punctuation omitted); *Mut. Reserve Fund Life Assn. v. Stephens*, 115 Ga. 192, 194 (41 SE 679) (1902) (a party "can not repudiate a portion [of a contract] and insist upon the enforcement of another portion which inures to his benefit"); *Southern Exchange Bank v. First Nat. Bank*, 37 Ga. App. 612 (141 SE 323) (1928).

3. *Liquidated damages*

Naik argues that the $100,000 nonrefundable construction deposit was an unenforceable liquidated damages penalty. We disagree.

"If the parties agree in their contract what the damages for a breach shall be, they are said to be liquidated and, unless the agreement violates some principle of law, the parties are bound thereby." OCGA § 13-6-7. But here, Naik's payment of the nonrefundable construction deposit was not linked to any breach; the parties do not allege, nor does the record show, that Naik breached any provision of the assignment agreement. Instead, the record shows only that the assignment agreement "does not in any way connect [Naik's] obligation to pay the [nonrefundable construction deposit] with any breach of the contract; accordingly, it cannot be a liquidated damages or penalty provision." *American Teleconferencing Svcs. v. Network Billing Systems*, 293 Ga. App. 772, 776 (1) (668 SE2d 259) (2008).

As discussed in Division 3, the nonrefundable construction deposit was a component of the consideration for the assignment agreement. "A liquidated damages analysis is inapplicable to the case at hand since the agreement does not purport to be

9

a stipulated sum for damages for a breach." *Duke v. Williams*, 197 Ga. App. 836, 838 (2) (399 SE2d 544) (1990) (citation and punctuation omitted).

4. *Any disputed facts are not material*

Naik argues that Hyde Park is not entitled to summary judgment because material facts are disputed. But the facts to which she points are not material to the summary judgment.

Naik points to evidence demonstrating that, contrary to her position in this appeal, the $100,000 she paid was a fee for the assignment. Among other things, she points to an e-mail sent by the president of Hyde Park to Naik two days before the parties entered the assignment agreement, that stated that, "If the project is not completed by Hyde Park Homes, Inc. the funds will be forfeited by you." She argues that this evidence contradicts the language in the assignment agreement. She also points to disputed evidence about the reason that she did not engage Hyde Park to build her house.

"[E]ven genuine issues of fact will not prevent the entry of summary judgment if the disputed facts are not material to the legal issues in the case." *Deen v. Stevens*, 287 Ga. 597, 612 (3) (b) (698 SE2d 321) (2010) (citation and punctuation omitted).

The disputed evidence did not prevent the trial court from entering summary judgment in Hyde Park's favor.

*Judgment affirmed. Brown and Markle, JJ., concur.*