A92A2159. SHAHEEN & COMPANY v. DICKSON et al.
(427 SE2d 825)

CARLEY, Presiding Judge.

The facts relevant to the resolution of the instant appeal are as follows: Appellant-plaintiff leased commercial premises to appellee-defendants. Thereafter, appellees abandoned the premises and ceased to make rent payments to appellant. Appellant brought suit, seeking to recover the past due rent. Appellees answered and, after discovery, appellant moved for summary judgment. Appellees opposed the motion on the ground that appellant had failed to show that it had mitigated damages by reletting the premises after the abandonment. Although the trial court found that the lease was valid and that appellees were in breach thereof through their abandonment of the premises and failure to pay rent, it denied appellant's motion for summary judgment on the ground that a genuine issue of material fact remained as to appellant's mitigation of its damages. The trial court certified its order for immediate review and appellant appeals pursuant to this court's grant of its application for an interlocutory appeal.

"[A]*ssuming* mitigation of damages was required[,]" appellees would have the burden of proof as to that issue at trial, but, on summary judgment, appellant would have the burden of establishing that no genuine issue of material fact remained as to that issue. (Emphasis supplied.) *Lamb v. Decatur Fed. S & L Assn.*, 201 Ga. App. 583, 587 (2) (411 SE2d 527) (1991). It is clear, however, that mitigation of damages was *not* required. "[U]nlike some jurisdictions[,] Georgia does not require mitigation of damages in lease contracts. [Cit.] . . . 'Abandonment by the tenant (as occurred in this case) permits the

landlord under the terms of the lease to terminate the lease, *or* to enter and obtain another tenant holding the original tenant liable for any deficiency, *or* to permit the premises to remain vacant and collect the agreed rent each month.' (Emphasis supplied.) [Cit.] The uncontroverted evidence of record shows that [appellant] . . . allowed the premises to remain vacant[, as it was authorized to do]." *Lamb v. Decatur Fed. S & L Assn.*, supra at 586 (2).

It follows that the trial court erred in denying appellant's motion for summary judgment. " '[T]he general rule, that it is the duty of a party suffering from the breach of a contract to diminish, if possible, the damages, has no application to a contract of lease. . . .' " *Peterson v. Midas Realty Corp.*, 160 Ga. App. 333, 334 (287 SE2d 61) (1981).

*Judgment reversed. Pope, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 10, 1993.

*Fred J. Hanna*, for appellant.
*W. Baer Endictor*, for appellees.