## A93A1100. SPIRES v. GLENCASTLE, INC.
(432 SE2d 567)

BLACKBURN, Judge.

The appellee, Glencastle, Inc., brought a dispossessory action against the appellant, Loretta Spires, for remaining on the premises of an apartment unit owned by the appellee after the termination of the lease entered into between the parties. The appellant responded, asserting that the appellee did not provide her with 60 days' notice of its intent to terminate the lease and asserting a counterclaim challenging the constitutionality of the lease. The magistrate judge sitting without a jury, found that the appellee was entitled to a writ of possession and judgment against the appellant, for $202.26, in addition to court costs, as the appellee was entitled to terminate the appellant's lease upon 30 days' written notice pursuant to the terms of the lease agreement. The magistrate judge dismissed the appellant's

counterclaim with prejudice. The appellant subsequently appealed the action to the State Court of Fulton County, which essentially affirmed the decision of the magistrate court, and this appeal followed.

In its order, the trial court found that the appellant entered into a lease with the appellee for a leasehold period of December 6, 1991, through January 4, 1992. Thereafter, the lease continued on a month-to-month basis and was subject to termination by either party upon 30 days' written notice. On May 14, 1992, the appellee notified the appellant of its intention to exercise its right to terminate the lease as of June 30, 1992. However, at that time, the appellee provided the appellant with the option to renew the rental agreement at an increased monthly rate. As a result of the appellant's refusal to sign a new lease, the appellee demanded possession of the apartment unit.

In her five enumerations of error, the appellant contends that the trial court erred as to the term of the lease and the identity of the appellant, erred in stating that notice of the termination of the lease was properly given, erred in concluding that the appellee was entitled to a writ of possession, erred in failing to conclude that the appellant was a tenant at will, and erred in increasing the rental amount during the pendency of the appeal. However, " '(t)he burden is on the party alleging error to show it affirmatively by the record, and that when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. (Cits.) . . . "(W)here the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm. (Cits.) . . ." (Cit.)' (Cit.)" *In re Holly*, 188 Ga. App. 202, 203 (372 SE2d 479) (1988).

Review of four of the appellant's five enumerations of error requires the consideration of all the evidence submitted before the trial court in connection with the appellant's claim, including the lease at issue and the testimony of any witnesses. "Since in the absence of a transcript or other appropriate substitute, OCGA § 5-6-41 (g), an appellate court is bound to assume that the trial court's findings are supported by sufficient competent evidence for there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction, [cit.], we are constrained to affirm the [trial] court's order" as to those four enumerations of error. Id. at 203. However, inasmuch as the trial court's order contains a clerical mistake and substitutes the name of an individual in a related case for that of the appellant, we must remand the action solely for the correction of the mistake in the trial court's order and the issuance of an order identifying the appellant as the party from whom the appellee can recover judgment in the amount of the rent that had been deposited in the court's registry. See OCGA § 9-11-60 (g).

*Judgment affirmed and case remanded with direction. McMur-*

*ray, P. J., and Johnson, J., concur.*

DECIDED MAY 20, 1993 —
RECONSIDERATION DENIED JUNE 9, 1993.

*Janise L. Miller*, for appellant.
Loretta Spires, *pro se.*
*Lynch & Powell, Gene E. Massafra*, for appellee.