A95A2418. HALLISY v. SNYDER et al.
(464 SE2d 219)

SMITH, Judge.

Donald Hallisy appeals from the trial court's ruling in favor of and issuance of an immediate writ of possession to Michael and Laura Snyder in this dispossessory action. We affirm.

The record reveals that on January 16, 1995, Hallisy entered into a real estate purchase and sale contract with the Snyders for the purchase of their home "as is." Pursuant to the contract, Hallisy paid $5,000 earnest money, which was non-refundable. On March 30, Hallisy informed the real estate agent that a termite inspection had revealed active infestation and structural damage and requested that the closing be postponed. He subsequently refused to purchase the property or to vacate the premises, and the Snyders initiated this dispossessory proceeding. The trial court granted judgment on the pleadings to the Snyders and issued an immediate writ of possession, with the proviso that should Hallisy appeal, rent must be paid into court.[1] Hallisy filed this pro se appeal and appears to raise three issues.

1. Hallisy contends the trial court erred in finding that he was a tenant holding over. He insists that he was not in possession as a tenant but as a purchaser. This is incorrect. We can certainly agree that Hallisy had a contract to purchase the house. But under the law and these facts, he never became the *owner* of the house and indeed was a

---

[1] Correspondence in the record refers to a "temporary occupancy agreement for buyer prior to closing," and to rent of $1,200 per month, although that agreement is not included in the record.

tenant. No dispute exists that the Snyders owned the house and granted him the right to live there before ownership was transferred. OCGA § 44-7-1 (a) provides that "when the owner of real estate grants to another person, who accepts such grant, the right simply to possess and enjoy the use of such real estate either for a fixed time or at the will of the grantor," a landlord-tenant relationship is created. The trial court did not err in finding such a relationship. See generally *Middlebrooks v. Fleet Finance*, 217 Ga. App. 263 (456 SE2d 627) (1995); *Barkley-Cupit Enterprises v. Equitable Life Assurance &c.*, 157 Ga. App. 138, 140-141 (2) (276 SE2d 650) (1981).

2. Hallisy maintains the trial court's grant of judgment on the pleadings and an immediate writ of possession were erroneous. We do not agree.

Many of the facts referred to by Hallisy appear only in the briefs. Allegations of facts appearing only in the briefs and unsupported by evidence in the record will not be considered on appellate review. *Wade v. Crannis*, 209 Ga. App. 501, 502 (1) (433 SE2d 669) (1993). For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the opposing party are taken as true. *Howard v. Bank South, N. A.*, 209 Ga. App. 407, 409 (1) (433 SE2d 625) (1993). Hallisy's answer does not establish a valid defense to the dispossessory action. The pleadings themselves establish that Hallisy was a tenant holding over, and no material questions of fact remain for review. The trial court properly granted the Snyders' motion for judgment on the pleadings and a writ of possession. OCGA § 9-11-12 (c).

3. Hallisy correctly asserts that the right to trial by jury exists in dispossessory actions. *Hill v. Levenson*, 259 Ga. 395 (1) (383 SE2d 110) (1989). He is incorrect, however, in asserting that he was deprived of this right by the trial court. The existence of the right does not demand that a jury trial be held in all cases, including those where no issues remain for jury determination. Under Hallisy's interpretation of the right to jury trial, no case would be decided upon summary adjudication. This is patently absurd.

4. Hallisy has remained in possession of the property for approximately six months, to the detriment of the owners. All issues raised by Hallisy in the trial court and in this court are completely lacking in merit. Since we find no reasonable basis on which Hallisy could have anticipated reversal of the trial court's judgment, we assess a penalty against him in the amount of $1,000 for frivolous appeal, pursuant to Rule 15 (b) of this Court.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

Decided November 3, 1995 —
Reconsideration denied November 21, 1995.

Donald J. Hallisy, *pro se.*
Goodman, Hudnall, Cohn & Abrams, H. Gilman Hudnall, Ellis H. Abrams, for appellees.