## A96A1190. HOSSEINI v. DONINO.
(475 SE2d 665)

BLACKBURN, Judge.

Hassan Hosseini appeals the jury verdict in favor of defendant Donino following a jury trial of this tort action arising out of an automobile collision.

1. Hosseini asserts that the trial court erred in (1) admitting evidence of an allegedly prejudicial and misleading photograph, (2) failing to grant his motion for directed verdict, and (3) denying his motion for j.n.o.v. and in the alternative motion for new trial.

"The burden is on the party alleging error to show it affirmatively by the record. When the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. Where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm." (Citation and punctuation omitted.) *Mike's Garage Door Co. v. Dews*, 220 Ga. App. 648, 649 (469 SE2d 855) (1996). No statutorily authorized substitute for the trial transcript was submitted. See also *Alexander v. Jones*, 216 Ga. App. 360 (454 SE2d 539) (1995).

Although each of appellant's enumerations of error requires a review of the transcript and evidence in order to determine the merit of this appeal, Hosseini failed to instruct the clerk of the trial court to include the trial transcript in the appellate record.[1] Therefore, the rulings of the trial judge and the jury verdict must be affirmed.

2. Donino requests that this Court impose a penalty against Hosseini for frivolously pursuing this appeal pursuant to Court of Appeals Rule 15 (b). A penalty for a frivolous appeal may be assessed in cases where the appellant could have no reasonable basis for anticipating reversal of the trial court's judgment. *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (464 SE2d 219) (1995).

Hosseini has intentionally failed to include the trial transcript or statutorily authorized substitute in the record on appeal, and he could therefore have no reasonable basis for anticipating that this Court would reverse the judgment of the trial court. We therefore impose a penalty of $500 against Hosseini pursuant to Court of Appeals Rule 15 (b) and direct the trial court to enter judgment against Hosseini in this amount upon return of the remittitur.

*Judgment affirmed with direction. Beasley, C. J., and Birdsong, P. J., concur.*

---

[1] This omission was clearly intentional, as Hosseini directed that the transcript of the hearing on the motion for j.n.o.v. and in the alternative motion for new trial be included, omitting any reference to the trial transcript.

DECIDED AUGUST 19, 1996 —
RECONSIDERATION DENIED SEPTEMBER 10, 1996.

*David C. Farshy*, for appellant.
*Carter & Ansley, Keith L. Lindsay, Thomas E. Magill*, for appellee.