## A97A1149. PLUMIDES v. AMERICAN ENGINES & TRANSMISSIONS, INC.
(490 SE2d 552)

BLACKBURN, Judge.

Michael G. Plumides, Jr., appeals from the trial court's dismissal of his notice of appeal. Plumides sued American Engines & Transmissions, Inc. and prevailed at trial. After trial, however, the court granted American Engines' motion for directed verdict. Plumides filed a notice of appeal from this ruling, but did not timely pay costs, file a trial transcript, or seek an extension of time to do so. Several months later, the trial court determined after a hearing that the appeal should be dismissed for Plumides' failure to file a transcript. We affirm the dismissal.

Pursuant to OCGA § 5-6-48 (c), "the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." "The cause for delay in the processing of the appeal is a fact issue for determination in the trial court, and in making that determination, the trial court exercises a broad legal discretion which is subject to appellate scrutiny only for abuse." (Citation and punctuation omitted.) *Miller v. Ingles Market*, 214 Ga. App. 817, 818 (449 SE2d 166) (1994).

In this case, no transcript of the hearing on the dismissal of the notice of appeal is included in the record. "The burden is on the party alleging error to show it affirmatively by the record. When the burden is not met, the judgment complained of is assumed to be correct and must be affirmed." (Citation and punctuation omitted.) *Burger v.*

*Krueger*, 224 Ga. App. 179 (480 SE2d 230) (1996).

Additionally, based upon the facts set forth in the trial court's order, it is clear that dismissal of the notice of appeal for failure to timely file the trial transcript was not an abuse of discretion. The record indicates that although Plumides filed his notice of appeal on June 10, 1996, he still had not ordered completion of the trial transcript at the time of the dismissal hearing on December 4, 1996. Pursuant to OCGA § 5-6-42, Plumides' deadline for filing the trial transcript was 30 days after the filing of his notice of appeal — July 10, 1996, absent the grant of an extension of such time. At the time of the hearing, therefore, he had missed the deadline by over 130 days. Although the court's order reflects that Plumides claimed he could not afford the transcript, it also states that Plumides admitted that he did not qualify as a pauper who could have filed a pauper's affidavit. See OCGA § 5-6-47.

"[A]s the delay was caused by appellants' failure to order the transcript for more than [160] days after filing the notice of appeal, the record fully supports the finding that the delay was inexcusable." *Burton v. Hamilton*, 204 Ga. App. 18, 19 (418 SE2d 398) (1992). The trial court also found that the delay in filing the transcript was unreasonable and caused by Plumides, and we cannot say, particularly in the absence of a transcript from the hearing on this matter, that the court abused its discretion in so finding. The trial court's dismissal of Plumides' notice of appeal is therefore affirmed.

Because Plumides "has intentionally failed to include the [hearing] transcript or statutorily authorized substitute in the record on appeal, . . . he could therefore have no reasonable basis for anticipating that this Court would reverse the judgment of the trial court." *Hosseini v. Donino*, 222 Ga. App. 697 (2) (475 SE2d 665) (1996). American Engines' motion for sanctions for frivolous appeal is therefore granted, and pursuant to Court of Appeals Rule 15 (b), a penalty of $250 is imposed against Plumides. The trial court is directed to enter judgment against Plumides in this amount upon return of the remittitur.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 4, 1997.

*George M. Plumides*, for appellant.
*Michael T. Camp*, for appellee.