A98A0855. TREVINO v. FLANDERS.

(501 SE2d 13)

JOHNSON, Judge.

Frank B. Flanders, Jr. filed a dispossessory proceeding against Abel Trevino. On November 7, 1997, the DeKalb County Marshal served the dispossessory notice by posting a copy to Trevino's door and mailing a copy of the notice to Trevino. Trevino failed to file an answer within seven days, as required by law. See OCGA § 44-7-51 (b). On November 20, 1997, Trevino filed a motion to stay writ of execution and a motion to set aside default based on fraud by third parties. The trial court granted Trevino's motion to stay and set the matter for a hearing. After hearing and considering the evidence, pleadings and testimony, the trial court denied Trevino's motion to set aside and ordered that a writ of possession be entered in favor of Flanders. Trevino appeals, and we affirm.

1. In his sole enumeration of error, Trevino contends the trial court erred in denying his motion to set aside default. However, Trevino has failed to provide this Court with a transcript of the hearing below on this issue. "It is well-settled law that without a transcript to review, this court must assume as a matter of law that the evidence at trial supported the court's findings. It is the burden of the complaining party, including pro se appellants, to compile a complete record of what happened at the trial level, and when this is not done, there is nothing for the appellate court to review." (Citations and punctuation omitted.) *Kulkov v. Botvinik,* 230 Ga. App. 204 (1) (495 SE2d 662) (1998); *Spires v. Glencastle, Inc.,* 208 Ga. App. 901, 902 (432 SE2d 567) (1993).

The record in this case does not support Trevino's contention that third persons removed the notice from his door and intercepted his notice from the mail. Many of the facts referred to by Trevino appear only in his brief and are unsupported by evidence in the record; thus they cannot be considered on appeal. *Hallisy v. Snyder,* 219 Ga. App. 128, 129 (2) (464 SE2d 219) (1995). Without such evidence in the record and without a transcript of the hearing on this issue, we must presume that the trial court's judgment granting the landlord a writ of possession was correct and based on sufficient, competent evidence. *Florence v. Green Acres Mobile Home Estates,*

230 Ga. App. 91 (495 SE2d 346) (1998). Trevino's failure to include a transcript or to construct an acceptable substituted transcript pursuant to OCGA § 5-6-41 (g) is fatal to his appeal.

2. Flanders requests that this Court impose a penalty against Trevino for frivolously pursuing this appeal pursuant to Court of Appeals Rule 15 (b). We have repeatedly held that a penalty for a frivolous appeal may be assessed in cases where the appellant could have no reasonable basis for anticipating reversal of the trial court's judgment. *Kulkov*, supra at 205 (3); *Hosseini v. Donino*, 222 Ga. App. 697 (2) (475 SE2d 665) (1996); *Hallisy*, supra at 129 (4).

Because Trevino intentionally failed to include the hearing transcript or statutorily authorized substitute in the record on appeal, he could have no reasonable basis for anticipating that this Court would reverse the judgment of the trial court. *Hallisy*, supra. Accordingly, Flanders' motion for sanctions for frivolous appeal is granted, and a penalty of $500 is imposed against Trevino. The trial court is directed to enter judgment against Trevino in this amount upon return of the remittitur. See *Hosseini*, supra.

*Judgment affirmed. Case remanded with direction. Birdsong, P. J., and Smith, J., concur.*

DECIDED MARCH 31, 1998.

Abel Trevino, *pro se.*

*Minkin & Snyder, Michael J. King, G. Brian Raley,* for appellee.