A02A1335. STRICKLAND v. THE STATE.
(570 SE2d 713)

MIKELL, Judge.

John Cleburne Strickland was convicted of disorderly conduct on August 20, 2001, following a bench trial.[1] He filed a notice of appeal on September 24, 2001, 35 days after the conviction was entered. On January 10, 2002, following a hearing which was not transcribed, the trial court granted the state's motion to dismiss Strickland's notice of appeal due to unreasonable and inexcusable delay under OCGA § 5-6-48 (c). According to the trial court's order dismissing the appeal, the court reporter provided a trial transcript to Strickland on November 20, 2001;[2] however, on January 10, 2002, 108 days after the notice of appeal was filed, the record had not been transmitted to this Court. The order further states that Strickland did not pay court costs until the end of December 2001, approximately three months after the notice of appeal was filed. Strickland filed the present appeal, arguing that the trial court erred in dismissing his first notice of appeal. He also challenges his conviction. We affirm.

1. Strickland has failed to demonstrate that the trial court abused its discretion by dismissing his notice of appeal. In *Vaughan*

---

[1] The evidence demonstrated that Strickland drove to the house of an African-American family, called one of the occupants a "nigger," and brandished a weapon.

[2] The transcript was filed on that date as well.

*v. Buice*, 253 Ga. 540 (322 SE2d 282) (1984), the Supreme Court affirmed the trial court's dismissal of a notice of appeal due to the appellant's unreasonable and inexcusable delay in paying the court costs. In *Vaughan*, as in the case sub judice, no transcript of the hearing on the motion to dismiss was provided. The Supreme Court held:

> Where, as here, there is no transcript (none having been requested) and no agreed statement of the facts is furnished[,] OCGA § 5-6-41 (g), the appellate court is bound to assume that the trial court's findings are supported by sufficient competent evidence for there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction.

(Citation and punctuation omitted.) Id. at 540. See also *Burns v. Barnes*, 154 Ga. App. 802 (1) (270 SE2d 57) (1980) ("Where no transcript is included in the record on appeal we must assume that the evidence was sufficient to support the judgment.").

Furthermore, based on the facts set forth in the trial court's order, it is clear that dismissal of the notice of appeal was not an abuse of discretion. See *Plumides v. American Engines & Transmissions*, 227 Ga. App. 885, 886 (490 SE2d 552) (1997). OCGA § 5-6-48 (c) provides, in pertinent part, that "the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence. . . ."

We afford broad discretion to trial courts who must make factual determinations regarding the cause for delay in processing appeals. *Plumides*, supra at 885. In its order, the trial court concluded that Strickland failed to pay court costs for approximately three months, that the record had not been transmitted to this Court at the time of the dismissal, and that Strickland failed to show that the delay was reasonable or excusable. Strickland did not file a pauper's affidavit in connection with his appeal, and he admits in his appellate brief that he is represented by private counsel and is not proceeding as an indigent. Accordingly, we cannot say, particularly in the absence of a transcript of the hearing, that the trial court abused its discretion in dismissing Strickland's notice of appeal. See id. at 886. See also *Vaughan*, supra.

2. Because the trial court properly dismissed Strickland's appeal, we are without jurisdiction to consider his remaining enumerated errors regarding the merits of his conviction. See generally *Hose v. State*, 159 Ga. App. 842 (285 SE2d 588) (1981).

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 6, 2002.

*Lloyd J. Matthews*, for appellant.
John C. Strickland, *pro se*.
*Keith C. Martin, Solicitor-General, Matthew M. McCord, Assistant Solicitor-General*, for appellee.