## A10A0329. SIRDAH v. NORTH SPRINGS ASSOCIATES, LLLP.
(696 SE2d 391)

BERNES, Judge.

North Springs Associates, LLLP, sued Ismail Sirdah d/b/a Carnaval Bar and Lounge for the breach of two commercial leases for space in a shopping center. The trial court granted summary judgment in favor of North Springs on all issues of liability and damages. Sirdah now appeals. For the reasons discussed below, we affirm.

"Summary judgment is appropriate if the pleadings and evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Citation and punctuation omitted.) *Ins. Co. of the State of Pa. v. APAC-Southeast*, 297 Ga. App. 553 (677 SE2d 734) (2009). See OCGA § 9-11-56 (c). Our review of a trial court's grant of summary judgment is de novo, with all reasonable inferences construed in the light most favorable to the nonmoving party. *Northwest Carpets v. First Nat. Bank of Chatsworth*, 280 Ga. 535, 538 (1) (630 SE2d 407) (2006).

So viewed, the record shows that North Springs is the landlord under two commercial lease agreements for space in the North Springs Shopping Center on Roswell Road (the "Leases"). The Leases provide for the operation of a nightclub and restaurant under the name of "Carnaval" in the designated space. The Leases do not expire until July 31, 2010.

Under the Leases, the tenant is obligated to pay a security deposit and monthly rent for use of the shopping center space, as well as a share of the "Operating Expenses" of the shopping center. In the event of a default by the tenant on its payment obligations, the Lease authorizes North Springs to bring an action to collect the amounts owed, and under certain circumstances to collect attorney fees equal to "fifteen percent (15%) of the aggregate amount sought to be collected by or through an attorney at law."

The original tenant assigned the Leases to Sirdah, who assumed operation of the Carnaval restaurant and nightclub in the shopping

center space. It is undisputed that by virtue of the assignment, Sirdah became obligated to pay the rent and other charges set forth in the Leases. Sirdah concedes, however, that he has failed to pay the rent and other charges since March 2008 and has remained in default.

In April 2008, North Springs made demand to Sirdah for payment of the sums due under the Leases. Sirdah then notified North Springs by letter that the Carnaval restaurant and nightclub would no longer be open for business. Also in the letter, Sirdah advised North Springs, "I am turning in my keys to the premises." In response, North Springs notified Sirdah by certified letter dated April 22, 2008:

> Be advised that although Mr. Sirdah has given up posses-
> sion of the premises through his return of his key, [North
> Springs] has accepted same *without terminating the Leases*.
> [North Springs] intends to hold [Mr. Sirdah] liable for all
> sums due and owing through the expiration of the term of
> the Leases, together with any damages to the premises, to
> be reduced only by sums received by [North Springs]
> through re-letting of said premises.

(Emphasis in original.) North Springs also gave notice of its intent to enforce the attorney fees provision in the Leases if the outstanding principal and interest were not paid within ten days of receipt of the letter. Sirdah received the certified letter but failed to pay the outstanding principal and interest on the Leases within the specified ten days or at any point thereafter.

North Springs subsequently filed this action against Sirdah for breach of the Leases.[1] North Springs prayed for compensatory contractual damages and for attorney fees pursuant to OCGA § 13-6-11. Copies of the Leases and the April 22 demand letter were attached to the complaint. Sirdah answered and admitted that he was obligated under the Leases by virtue of the assignment, that he had defaulted on his payment of rent and other charges, and that he had received notice of North Springs's intent to collect attorney fees by way of the April 22 demand letter. Sirdah, however, asserted that North Springs had failed to mitigate its damages by re-letting the premises, and that he had incurred damages resulting from North Springs's alleged failure to properly repair the roof of the leased

---

[1] North Springs also sued the original tenant and was granted summary judgment on its claims against him for compensatory contractual damages and attorney fees arising from the breach of the Leases. The original tenant is not a party to this appeal.

premises that should be set off against the outstanding rent and other charges.

Following discovery, North Springs moved for summary judgment on all issues of liability and damages. North Springs relied upon the documents attached to its complaint, as well as the affidavit of one of its agents authenticating the Leases, the assignment documents, and other business records that reflected the outstanding rent and other charges due under the Leases. North Springs also relied upon admissions contained in Sirdah's answer and interrogatory responses in which he conceded that he had not paid the rent and other charges since March 2008. Sirdah did not submit any affidavits or other evidence in response to North Springs's motion for summary judgment. Neither party requested a hearing.

The trial court subsequently granted summary judgment in favor of North Springs on its claims against Sirdah for compensatory contractual damages and attorney fees arising from breach of the Leases. This appeal followed.

1. Sirdah contends that the trial court erred in granting summary judgment because a genuine issue of material fact existed as to whether North Springs failed to mitigate its damages in accordance with OCGA § 13-6-5.[2] According to Sirdah, North Springs was obligated to make reasonable efforts to mitigate its damages by re-letting the premises but failed to do so. We disagree because the uncontroverted evidence of record shows that mitigation of damages was not required.

The general rule is that the duty to mitigate damages set forth in OCGA § 13-6-5 does not apply to lease contracts. See *Shaheen & Co. v. Dickson*, 207 Ga. App. 328, 328-329 (427 SE2d 825) (1993); *Lamb v. Decatur Fed. Sav. & Loan Assn.*, 201 Ga. App. 583, 586 (2) (411 SE2d 527) (1991).

> In Georgia, if a tenant abandons leased premises without authorization prior to the expiration of the term, the landlord is not required to mitigate damages by reletting the premises. Rather, he may allow the premises to remain vacant and hold the tenant responsible for accruing rent.

(Citations omitted.) *Allen v. Harkness Stone Co.*, 271 Ga. App. 397, 400 (1) (609 SE2d 647) (2004). See also *Shaheen & Co.*, 207 Ga. App. at 328-329. There are two limited exceptions to this general rule: "[I]f the landlord accepts the tenant's surrender or the tenant

---

[2] OCGA § 13-6-5 provides: "Where by a breach of contract a party is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence."

successfully terminates the lease, the landlord is required to make reasonable efforts to re-lease the premises and mitigate his damages." *Allen*, 271 Ga. App. at 400 (1).

It is undisputed that Sirdah did not successfully terminate the Leases. Sirdah argues, however, that North Springs accepted his surrender of the leased premises by acknowledging in the April 22 demand letter that he had "given up possession of the premises through his return of his key" and that North Springs "accepted same." As such, Sirdah argues that North Springs should have made reasonable efforts to re-let the premises.

We are unpersuaded. The mere taking of the keys to the leased premises by a landlord does not give rise to an inference that the landlord accepted surrender of the premises. See *Erfani v. Bishop*, 251 Ga. App. 20, 22 (1) (c) (553 SE2d 326) (2001); *Jenkins v. Smith*, 92 Ga. App. 296 (3) (88 SE2d 533) (1955); *Kessler v. Slappey*, 34 Ga. App. 614, 617 (130 SE 921) (1925). Likewise, "[t]he mere entry upon the premises to protect the property after abandonment by the lessee will not amount to an acceptance of a surrender of a lease." (Citation and punctuation omitted.) *Lamb*, 201 Ga. App. at 586 (2). North Springs, furthermore, expressly stated in the same sentence of the April 22 demand letter that it was not terminating the Leases. See *Kessler*, 34 Ga. App. at 617 (surrender not accepted by landlord where the landlord "did not consent to the termination of any contract which he then had for the rental of said premises") (punctuation omitted). Thus, even when interpreted in the light most favorable to Sirdah as the nonmoving party, the uncontroverted evidence demonstrates that North Springs neither expressly nor impliedly accepted Sirdah's surrender of the leased premises; rather, Sirdah unilaterally abandoned the premises. See *Smith v. Sprayberry Square Holdings (In re Smith)*, 249 BR 328, 335 (Bankr. S.D. Ga. 2000) (applying Georgia law and noting that "[s]urrender differs from abandonment, as applied to leased premises, inasmuch as the latter is simply an act on the part of the lessee alone; but to show a surrender, a mutual agreement between lessor and lessee that the lease is terminated must be clearly proved") (citation and punctuation omitted). It follows that North Springs had the discretionary option to re-let the premises but was not required to do so. See *Lamb*, 201 Ga. App. at 586 (2). The trial court thus properly granted summary judgment in favor of North Springs on the issue of mitigation of damages.

2. In his enumerations of error, Sirdah also makes the blanket assertion that the trial court erred in granting summary judgment because a genuine issue of material fact existed as to whether he should be held "liable for CAM subsequent to April 2008." Sirdah does not provide any citations to the record or to legal authority

supporting his position or otherwise explain what specific costs he is challenging under the Leases. "Pursuant to Court of Appeals Rule 25 (a) (3), an appellant must support enumerations of error with argument and citations of authority, and mere conclusory statements are not the type of meaningful argument contemplated by Rule 25 (a) (3)." (Citations and punctuation omitted.) *Kramer v. Yokely*, 291 Ga. App. 375, 383 (3) (662 SE2d 208) (2008). Sirdah's assertion of error, therefore, is deemed abandoned. Id. See Court of Appeals Rule 25 (c) (2).

3. In two related enumerations of error, Sirdah contends that the trial court erred in granting summary judgment because a genuine issue of material fact existed as to whether he incurred damages for North Springs's alleged failure to properly repair the roof of the leased premises that should be set off against the outstanding rent due. Again, we disagree.

Based upon the evidence previously discussed, North Springs made a prima facie showing that Sirdah breached the Leases and of the amount of indebtedness that remained outstanding. The burden then was upon Sirdah to come forward with evidence supporting a set off against the debt owed. See *Duke v. Williams*, 197 Ga. App. 836, 838 (2) (399 SE2d 544) (1990); *Palm Restaurant of Ga. v. Prakas*, 192 Ga. App. 74, 75 (383 SE2d 584) (1989); *Estridge v. Janko*, 96 Ga. App. 246, 255-256 (2) (99 SE2d 682) (1957). But Sirdah relied solely upon the allegations in his unverified answer to support his claim of set off, and "[u]nsworn allegations in pleadings that have not been admitted by the opposing party are not evidence for purposes of summary judgment resolution." (Citation and punctuation omitted.) *Traditional Properties v. Performance Food Group of Ga.*, 291 Ga. App. 442, 443 (662 SE2d 250) (2008). See also *Tap Room v. Peachtree-TSG Assoc.*, 270 Ga. App. 90, 93 (3) (606 SE2d 13) (2004). Hence, the trial court properly granted summary judgment to North Springs on the issue of set off. See generally *Achor Center v. Holmes*, 219 Ga. App. 399, 401 (1) (465 SE2d 451) (1995) ("[E]vidence must be competent and admissible to raise a genuine issue of material fact on review of a summary judgment motion.") (citation and footnote omitted).

4. Sirdah's remaining enumerations of error are predicated on legal arguments that were not presented to the trial court, and we decline to consider them for the first time on appeal. See *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2), 830 (3) (573 SE2d 389) (2002); *Ovip v. Blockbuster Textiles*, 289 Ga. App. 276, 278 (1) (656 SE2d 907) (2008); *Ins. Co. of Pa. v. Giles*, 196 Ga. App. 271, 273 (1) (395 SE2d 833) (1990).

*Judgment affirmed. Barnes, P. J., and Blackburn, J., concur.*

DECIDED JUNE 8, 2010.

*Marchman, Kasraie & Fodor, Bijan Kasraie, Salmeh K. Fodor, Alicia C. Kang, McCurdy & Candler, Donald C. Suessmith, Jr.*, for appellant.

*Kim & Yang, Isidor J. Yoon Kim, Balch & Bingham, J. Bertram Levy*, for appellee.