## A11A0334. AZAM v. RPR HOLDINGS, INC.
### (711 SE2d 50)

MIKELL, Judge.

A Azam appeals pro se the trial court's grant of summary judgment to RPR Holdings, Inc., on its claim for breach of contract, arising out of Azam's failure to pay on a credit card account. As best we can discern from Azam's enumerated errors, he appears to argue that the trial court should have denied the motion for summary judgment because the statute of limitation barred RPR's action and that RPR had no standing to assert the claim. Finding no error, we affirm.

At the outset, we note that Azam's brief fails to include any citations to the record, as required by Court of Appeals Rule 25 (a) (1), and his notice of appeal specifically directs that "[a] transcript of evidence and proceedings will not be filed for inclusion in the record on appeal," even though a hearing was held on RPR's motion. Court of Appeals Rule 25 (c) (2) (i) provides that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration."

On appeal from the grant of summary judgment, this Court conducts a de novo review of the evidence to deter-

---

mine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

But here, we have no transcript of the evidence or an authorized substitute.[2] The record consists solely of the complaint, Azam's answer, in which he raised no affirmative defenses, stating only that he "disagreed" with all damages sought by RPR, and the trial court's order and judgment. In his brief, Azam sets forth minimal facts in support of his enumerated errors, but "[a]llegations of facts appearing only in the briefs and unsupported by evidence in the record will not be considered on appellate review."[3] Therefore, "[g]iven the paucity of the record before us, we are unable to conduct meaningful appellate review of any alleged error. Under these circumstances, we must assume the trial court ruled correctly."[4]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED MAY 3, 2011.

A Azam, *pro se.*
*Panton P. Pou*, for appellee.

---

[1] (Punctuation and footnote omitted.) *Andrews v. Habitat for Humanity in Atlanta*, 295 Ga. App. 392 (671 SE2d 879) (2008).

[2] See OCGA § 5-6-41 (g), (i).

[3] (Citation omitted.) *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (2) (464 SE2d 219) (1995).

[4] (Citation omitted.) *Marcus v. BAC Home Loans Servicing LP*, 306 Ga. App. 164 (702 SE2d 9) (2010). Accord *Samuel v. Samuel*, 306 Ga. App. 590 (702 SE2d 439) (2010).

