A11A1482. LEONE v. GREEN TREE SERVICING, LLC et al.
(716 SE2d 720)

MIKELL, Judge.

Kyunna Sierra Leone, proceeding pro se both below and on appeal, appeals from the trial court's grant of summary judgment in favor of Green Tree Servicing, LLC ("Green Tree"), in this action for wrongful foreclosure. We affirm.

> On appeal from the grant of summary judgment, this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

A defendant is entitled to summary judgment if it shows that "the record lacks evidence sufficient to create a jury issue on at least one

---

[1] (Punctuation and footnote omitted.) *Azam v. RPR Holdings, Inc.*, 309 Ga. App. 469-470 (711 SE2d 50) (2011).

essential element of the plaintiff's case. The defendant does not need to affirmatively disprove the plaintiff's case, but may prevail simply by pointing to the lack of evidence."[2] If this is shown, the plaintiff "cannot rest on his pleadings, but must point to specific evidence that gives rise to a triable issue of fact."[3]

Properly viewed, the evidence shows that on February 22, 1997, Leone executed a Retail Installment Contract and Security Agreement ("Contract") related to a purchase of a mobile home from Sinclair Oconee. Pursuant to the Contract, Sinclair Oconee retained a security interest in the mobile home. Sinclair Oconee then assigned its right, title, and interest in the mobile home to Belgravia Financial Services, LLC ("Belgravia"). Belgravia then assigned its right, title, and interest in the Contract to Dynex Financial, Inc. ("Dynex"). On or about December 23, 1997, the Georgia Department of Motor Vehicles issued a Certificate of Title with respect to the mobile home, reflecting Leone as the owner and Dynex as the lienholder. Dynex subsequently changed its name to Origen Financial, LLC.

Under the terms of the Contract, Leone agreed to pay $44,912 over a term of 360 months by making monthly installments of $329.24, commencing March 24, 1997. To secure payment, Leone granted a security interest in the mobile home to the Seller or its assignees. On July 1, 2008, Green Tree took over servicing the loan, and a notice of change of servicing was sent to Leone.

The Contract provided that a failure to make timely monthly payments on the loan constitutes a default. Leone stopped making payments on the account on July 24, 2008. On September 2, 2008, Green Tree sent Leone a Notice of Default and Right to Cure Default. Leone failed to tender any payments to Green Tree in response to the Notice of Default, and the default was not cured. Green Tree then filed a Petition for Writ of Possession in the State Court of Carroll County (the "State Court case").[4] The trial judge in the State Court case entered an order compelling Leone to pay rent payments into the court registry. Leone appealed that order compelling payments into the registry of the court to this Court in Case No.

---

[2] (Citation omitted.) *Adamchick v. Cracker Barrel Old Country Store*, 281 Ga. App. 677 (637 SE2d 44) (2006).

[3] Id.

[4] The related case was heard before the State Court of Carroll County, in an action styled *Green Tree Servicing, LLC v. Kyunna Sierra Leone*, Civil Action File Number 08-S-01929. The court in that case granted summary judgment in favor of Green Tree, and Leone has also filed notice in that appeal, which is currently before this Court in Case No. A11A1599. Leone filed yet another lawsuit in the Northern District Court, Atlanta Division, styled *Kyunna Sierra Leone v. Green Tree Servicing, LLC, Dynex Financial and Origen Financial, LLC*, Civil Action File Number 1:10-CV-3402-CAP. This complaint was dismissed upon Green Tree's motion to dismiss.

A11A1599 currently pending before this Court, and the remainder of the case was stayed by the trial judge.

While the State Court case was pending, Leone filed the present lawsuit in the Superior Court of Carroll County. Leone's complaint is captioned as an "amended petition to have the wrongful foreclosure set aside and motion for preliminary injunction." Green Tree filed a motion for summary judgment contending that no foreclosure had occurred on her property, and thus Leone's argument was moot. After oral argument, the trial court agreed and granted Green Tree's motion for summary judgment. Leone appeals.

1. As a threshold matter, we address the deficiencies of Leone's brief. While she has enumerated eight errors, she has not numbered her arguments correspondingly in her brief as required by Court of Appeals Rule 25 (c) (1). Further, we note that Leone's brief has substantially failed to comply with Court of Appeals Rule 25 (c) (2) (i), which provides that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript." Although Leone does set out minimal references to the record in support of her enumerated errors, such references are only to conclusory statements provided in the pleadings she presented to the trial court. We remind the litigants that allegations of fact appearing only in appellate briefs and unsupported by evidence will not be considered on appeal.[5] And, "[i]t is not the function of this court to cull the record on behalf of [the] party in search of instances of error. The burden is [on] the party alleging error to show it affirmatively [on] the record."[6] We caution that this Court's rules "are designed to facilitate the consideration of enumerated errors and compliance with such rules is not optional."[7] Leone's failure to adhere to our rules has hampered our ability to ensure that all her arguments are considered.[8]

2. Leone argues that the trial court erred in not holding a jury trial pursuant to her jury demand. This claim is without merit.

The right to a jury trial "is not infringed where, as here, the jury would have no role since there are no issues of material fact in

---

[5] See *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (2) (464 SE2d 219) (1995).

[6] (Citation and punctuation omitted.) *Sharp v. Greer, Klosik & Daugherty*, 256 Ga. App. 370, 372 (2) (568 SE2d 503) (2002).

[7] (Punctuation and footnotes omitted.) *Wright v. AFLAC, Inc.*, 283 Ga. App. 890, 891-892 (1) (643 SE2d 233) (2007).

[8] See *Salazar v. State*, 256 Ga. App. 50, 53 (4) (567 SE2d 706) (2002) (holding that a pro se defendant "is not held to a different or more lenient standard in this regard merely because he elected to proceed pro se. One who knowingly elects to represent himself assumes full responsibility for complying with the substantive and procedural requirements of the law") (citation omitted).

dispute."[9] When a trial court determines that summary judgment is appropriate, it is in effect a determination that a party is not entitled to his or her right to a jury trial under the Georgia Constitution or OCGA § 9-11-38.[10] Accordingly, the trial court did not violate Leone's right to a jury trial by granting summary judgment to Green Tree in this matter.[11]

3. Leone next contends that the trial court erred in not granting her motion to strike the affidavit of Jeffrey A. Eizenga proffered by Green Tree in support of its motion for summary judgment. The basis of Leone's argument is that the affidavit was "hearsay" because Eizenga could not testify as to the originality of any documents in this manner. However, the trial court failed to rule on this motion and Leone did not seek a ruling. "It is the duty of [a litigant] to obtain a ruling on his motions or objections."[12] Under these circumstances, Leone's failure to obtain a ruling on the motion to strike the affidavit resulted in a waiver of that issue.[13]

4. Leone next maintains that the trial court erred in granting summary judgment in favor of Green Tree on her claim for wrongful foreclosure for the following two reasons: her mobile home constituted real estate, and not personal property and Green Tree failed to carry its burden to show the assignments of the underlying Contract. Leone has not supported these arguments with any citations to the record and a review of the record reveals that many of the facts referred to by Leone appear only in the briefs. "Allegations of facts appearing only in the briefs and unsupported by evidence in the record will not be considered on appellate review."[14]

5. Leone's "remaining enumerations of error are predicated on legal arguments that were not presented to the trial court, and we decline to consider them for the first time on appeal."[15]

---

[9] (Citation and punctuation omitted.) *Crane v. Samples*, 267 Ga. App. 895, 896 (2) (600 SE2d 624) (2004). Accord *Hallisy*, supra at 129 (3) (Although the right to a trial by jury exists in disposesssory actions, "[t]he existence of the right does not demand that a jury trial be held in all cases, including those where no issues remain for jury determination." To hold otherwise would mean that "no case would be decided upon summary adjudication. This is patently absurd.").

[10] *Svc. Merchandise v. Jackson*, 221 Ga. App. 897, 899 (1) (473 SE2d 209) (1996).

[11] Id.

[12] (Citation and punctuation omitted.) *Smith v. Stacey*, 281 Ga. 602 (1) (642 SE2d 28) (2007).

[13] Id.

[14] (Citation omitted.) *Hallisy*, supra. Accord *Sirdah v. North Springs Assoc.*, 304 Ga. App. 348, 352 (2) (696 SE2d 391) (2010) (Pursuant to Court of Appeals Rule 25 (a) (3), "an appellant must support enumerations of error with argument and citations of authority, and mere conclusory statements are not the type of meaningful argument contemplated by Rule 25 (a) (3)") (citation and punctuation omitted).

[15] *Sirdah*, supra at 352 (4). Accord *Watson v. Frnka*, 266 Ga. App. 64, 65 (596 SE2d 187) (2004).

6. Leone has remained in possession of the mobile home for approximately twenty-six months without payment of rent into the court, as required by the trial court in the State Court case. All issues raised by Leone in the trial courts and in this court are completely lacking in merit and appear to be an attempt to abuse the judicial system in an effort to avoid her contractual obligations. Since we find no reasonable basis on which Leone could have anticipated reversal of the trial court's judgment, we assess a penalty against her in the amount of $1,000 for frivolous appeal, pursuant to Rule 15 (b) of this Court.

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED AUGUST 23, 2011 —
RECONSIDERATION DENIED SEPTEMBER 16, 2011 — ▮▮▮▮▮

Kyunna S. Leone, *pro se.*
*Kenney, Solomon & Medina, Robert J. Solomon*, for appellees.