**FIRST DIVISION**
**BARNES, P. J.,**
**HODGES and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 13, 2024**

# In the Court of Appeals of Georgia

A23A1705. WAKEFIELD et al. v. KISER.

BARNES, Presiding Judge.

This appeal arises from the termination of a partnership agreement between Timothy Kiser and, the appellants, Freddie Wakefield Jr., DMD and Daryl Wakefield. The parties entered into a contract under which for a capital investment, Kiser would purchase an ownership interest in DentCorp Management, LLC. The appellants were the majority owners. When the parties could not agree to the terms of the agreement, Kiser's attempt to rescind the contract resulted in the underlying complaint. On appeal, the appellants challenge the trial court's grant of summary judgment to Kiser on his rescission and attorney fees claims. Following our review, we affirm in part and reverse in part the trial court's summary judgment order.

Summary judgment is appropriate if the pleadings and evidence show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law. Our review of a trial court's grant of summary judgment is de novo, with all reasonable inferences construed in the light most favorable to the nonmoving party.

(Citations and punctuation omitted.) *Sirdah v. North Springs Assoc., LLLP*, 304 Ga. App. 348 (696 SE2d 391) (2010). We do not resolve disputed facts, reconcile the issues, weigh the evidence, or determine credibility, as those matters must be submitted to a jury for resolution. *Mableton Parkway CVS v. Salter*, 273 Ga. App. 477, 478-479 (1) (615 SE2d 558) (2005).

So viewed, the evidence demonstrates that the appellants were 100% owners and officers – Chief Executive Officer/Medical Director and Chief Financial Officer – of DentCorp, a Georgia limited liability company offering dental services. On August 11, 2021, the appellants and Kiser, who were long-time friends, entered into a Membership Interest Purchase Agreement ("the Contract") whereby Kiser would purchase a membership interest in DentCorp. On the same day, the parties signed DentCorp's Operating Agreement, which was amended to recognize Kiser as an investor and new member of DentCorp. Per the terms of the Contract and Operating Agreement, Kiser agreed to make a capital contribution of $666,666.67 for an 11.2% membership interest in DentCorp. Despite believing that he had the rights and

privileges of an equal shareholder in DentCorp, Kiser was informed that he was a minority shareholder, and that he would need to make two additional capital investments before obtaining a one-third, and therefore equal, membership interest in DentCorp.

In response, Kiser filed a formal notice of rescission requesting the return of his investment, or in the alternative, a buyout "so long as the amount is equal to or exceeds the amount of his investment." When his demands were not met, Kiser filed the subject multi-count complaint with claims of, among other things, rescission, beach of contract, emergency injunctive relief, conversion, and attorney fees and expenses pursuant to OCGA § 13-6-11. Kiser ultimately moved for summary judgment, and following a hearing on the motion, the trial court granted Kiser summary judgment on his rescission and attorney fees and expenses claims. The appellants appeal from this judgment.

1. The appellants first contend that the trial court erred by awarding Kiser money damages against them rather than DentCorp, as it is undisputed that the appellants did not receive the money paid to enter the partnership. The appellants do not challenge the grant of summary judgment to Kiser on his rescission claim, but

3

instead assert that when the trial court granted rescission, it erred by entering a money judgment against them. According to the appellants, although they transferred an 11.2 % interest in DentCorp to Kiser, Kiser paid the $666,667.67 capital investment to DentCorp, and thus Kiser's investment money should be returned by DentCorp, rather than the appellants, in the event of a rescission of the Contract.

Initially, we consider Kiser's contention that the appellants have waived this assertion for failing to raise the argument in the trial court. See *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 828 (1) (573 SE2d 389) (2002) (holding that a party could not seek to reverse a grant of summary judgment by raising a new argument for the first time on appeal). Our review of the record confirms appellee's contention that this argument was raised for the first time on appeal.

> [O]ur appellate courts are courts for the correction of errors of law committed in the trial court. Routinely, this Court refuses to review issues not raised in the trial court. To consider the case on a completely different basis from that presented below would be contrary to the line of cases holding,"He must stand or fall upon the position taken in the trial court." Fairness to the trial court and to the parties demands that legal issues be asserted in the trial court. If the rule were otherwise, a party opposing a motion for summary judgment need not raise any legal issue, spend the next year thinking up and researching additional issues

for the appellate court to address, and require the opposing party to address those issues within the narrow time frame of appellate practice rules. Therefore, absent special circumstances, an appellate court need not consider arguments raised for the first time on appeal.

(Footnotes and punctuation omitted.) *Pfeiffer*, 275 Ga. at 829 (2). "Special circumstances could include a jurisdictional challenge, a claim of sovereign immunity, a serious issue of public policy, a change in the law, or an error that works manifest injustice." (Citation and punctuation omitted.) Id at 829 (2), n. 10. None of which are present in this case.

Even so, OCGA § 13-4-62 provides that, "[a] party may rescind a contract without the consent of the opposite party on the ground of nonperformance by that party but only when both parties can be restored to the condition in which they were before the contract was made." The explicit terms of the Contract provided: "This [Contract] . . . is entered into between Freddie Wakefield Jr., DMD and Daryl Wakefield (collectively, the 'Sellers') and Tim Kiser ('Buyer')." Per Section 1.02 of the Contract, "the Buyer shall pay the Purchase Price [$666,666.67] to Sellers at the Closing . . . in cash, by wire transfer of immediately available funds."

The trial court found that Kiser had tendered back the 11.2% ownership interest he obtained in DentCorp. See *Crews v. Cisco Bros. Ford-Mercury*, 201 Ga. App. 589, 590 (1) (411 SE2d 518) (1991) (noting that "[o]ne seeking to rescind a contract for fraud must restore or tender back the benefits received under the contract."). Consequently, "he is entitled to recover as restitution the purchase price actually paid by him." *Mitchell v. Backus Cadillac-Pontiac*, 274 Ga. App. 330, 334 (1) (b) (618 SE2d 87) (2005). Although the appellants contend that DentCorp was the recipient of Kiser's capital investment, the Contract clearly indicated that the parties bound by the contractual terms were the appellants and Kiser. Specifically, the terms of the Contract directed that the appellants transfer the DentCorp shares to Kiser, and that Kiser pay the purchase price in cash to the appellants, who were identified as the sellers in the Contract. Thus, Kiser was obligated to tender the DentCorp shares back to the appellants and, in return, the appellants, not DentCorp, were obligated to refund the $666,666.67 to Kiser.

2. The appellants next contend that the trial court erred in granting summary judgment to Kiser on his attorney fees claim because only a jury can find liability and award attorney fees under OCGA § 13-6-11. We agree.

6

In its summary judgment order, the trial court recited a litany of factual findings related to the appellants' behavior which it characterized as "unquestionably act[ing] in bad faith, [being] stubbornly litigious, and caus[ing][Kiser] (and the Court and probably their own lawyers) unnecessary trouble and expense." The trial court concluded because of the appellants' actions, Kiser was entitled to summary judgment on his claim for attorney fees pursuant to OCGA § 13-6-11.[1] It further directed that within 14 days of the date of the order, Kiser should submit an affidavit for attorney fees and expenses, that the appellants would have 10 days to object after being served with the affidavit, that, upon an objection, the trial court would hold a hearing on the fees and expenses, and that if there was no objection, the trial court would enter a final judgment "which shall include the rescission amount … plus reasonable attorney fees and expenses."

Despite the trial court's findings,

---

[1] OCGA § 13-6-11 provides, "[t]he expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, *the jury may allow them*." (Emphasis supplied.)

attorney fees cannot be awarded by a trial court pursuant to OCGA § 13-6-11 at the summary-judgment stage of proceedings because the very language of the statute prevents a trial court from ever determining that a claimant is entitled to attorney fees as a matter of law. … [B]ecause both the liability for and amount of attorney fees pursuant to OCGA § 13-6-11 are solely for the jury's determination, a trial court is not authorized to grant summary judgment in favor of a claimant therefor. And although a trial court is permitted to grant such fees when it sits as a trier of fact, it is not a trier of fact on a motion for summary judgment. Accordingly, the trial court here was without authority to grant attorney fees pursuant to OCGA § 13-6-11 on summary judgment[.]

(Citations, punctuation, and footnote omitted.) *Sherman v. Dickey*, 322 Ga. App. 228, 233-234 (2) (744 SE2d 408) (2013). See *Coleman v. Phillips*, 369 Ga. App. 466, 473 (3) (893 SE2d 466) (2023) (noting that "[b]ased on the statutory language 'the jury may allow them[,]' we have held that a trial court cannot award attorney fees under OCGA § 13-6-11 at summary judgment") (punctuation omitted).

Consequently, the trial court's grant of summary judgment on Kiser's attorney fees claim pursuant to OCGA § 13-6-11 is reversed.

*Judgment affirmed in part, reversed in part. Hodges and Land, JJ., concur.*