# Court of Appeals
# of the State of Georgia

ATLANTA, <u> May 19, 2025 </u>

*The Court of Appeals hereby passes the following order:*

## A25A1638, A25A1639, A25A1640. DANNY DUNN v. BRIAN M. HOUSE et al. (three cases).

In his latest appearance before this Court,[1] pro se plaintiff Danny Dunn seeks to appeal a trial court order denying his petitions for extraordinary remedies stemming from three related domestic relations proceedings. By way of background, on January 8, 2025, Dunn filed a petition for writ of prohibition against Chief Judge Brian House of the Lookout Mountain Judicial Circuit, seeking to "enjoin him from . . . acting" in an underlying domestic relations matter. On January 26, Dunn filed a petition for extraordinary relief, requesting that the trial court enjoin the enforcement of a contempt order in another domestic relations case and to recuse Judge House from presiding over that case. On February 16, Dunn filed another petition for

---

[1] Since Dunn's divorce from his ex-wife, Caryn, in 2020, he has been a frequent litigant in this Court. See *Dunn v. Dunn*, 363 Ga. App. 132 (871 SE2d 30) (2022) (reversing trial court's entry of contempt and protective orders); *Dunn v. Dunn*, 368 Ga. App. 161 (889 SE2d 352) (2023) (affirming in part and vacating in part the parties' divorce decree, and remanding case with direction); *Dunn v. Dunn*, Case No. A24D0325 (May 10, 2024) (dismissing application as untimely); *Dunn v. Dunn*, Case No. A25D0186 (Jan. 23, 2025) (dismissing application for failure to obtain superior court ruling); *Dunn v. Dunn*, Case No. A25A1061 (Feb. 11, 2025) (dismissing direct appeal because Dunn was required to file an application for discretionary appeal under OCGA § 5-6-35 (a) (2)); *Dunn v. Dunn*, Case No. A25D0255 (Mar. 3, 2025) (dismissing discretionary application as untimely and because Dunn was not entitled to a second appeal from the same order). This list of appeals is illustrative, not exhaustive.

extraordinary relief, this time seeking a stay of all proceedings in a domestic relations case where he sought various forms of relief against the senior judge assigned to hear the case and the clerk of superior court. On March 7, the trial court denied all three of Dunn's petitions in a single order.

Dunn filed applications for a discretionary appeal from the trial court's order denying his January 26 and February 16 petitions for extraordinary relief, which this Court denied on March 26. See Case Nos. A25D0311, A25D0312.[2] After we denied his applications, Dunn filed the instant direct appeals, seeking review of the same March 7 trial court order denying his January 8, January 26, and February 16 petitions. These cases have been docketed, respectively, under case numbers A25A1638, A25A1639, and A25A1640. As discussed below, we lack jurisdiction to consider all three appeals.

1. As for Case Nos. A25A1638 and A25A1640, we lack jurisdiction because an applicant is not entitled to a second appeal of the same order, a legal principle that we first advised Dunn of in our order dismissing Case No. A25D0255. See *Massey v. Massey*, 294 Ga. 163, 165 (2) (751 SE2d 330) (2013) ("Where a party puts the machinery of immediate appellate review into motion, yet commits a procedural default fatal to his appeal, that party is foreclosed from thereafter resubmitting the matter for review on appeal. This rule is sometimes framed in terms of res judicata or law of the case, but the appellate issue is more fundamental; a party is not entitled to a second appeal from a single order.") (citations and punctuation omitted); *Aetna Cas. & Sur. Co. v. Bullington*, 227 Ga. 485, 485 (2) (181 SE2d 495) (1971) ("The effect of the dismissal of the first appeal from an appealable judgment was to affirm the judgment of the trial court there excepted to . . . which was res judicata between the parties."); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal").

Regarding Case No. A25A1639, although OCGA § 5-6-34 (a) (7) generally

---

[2] On April 16, we denied Dunn's motions for reconsideration from the denial of both applications.

allows for direct appeals from orders refusing to grant mandamus or any other extraordinary remedy, "[w]hen the underlying subject matter . . . clearly arises from or is ancillary to divorce proceedings, or is derived from a marital relationship and divorce, the appeal is within the ambit of OCGA § 5-6-35 (a) (2)" and requires a discretionary application. *Hagan v. Hagan*, 356 Ga. App. 756, 758 (1) (848 SE2d 914) (2020) (citation and punctuation omitted). See also *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) (explaining that "the proper appellate procedure to employ depends upon the issue involved in the appeal"). Of course, "[c]ompliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Here, it appears that the underlying subject matter giving rise to this appeal stems from Dunn's initial divorce proceeding. Accordingly, Dunn was required to file an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (2) to garner appellate review of the trial court ruling at issue.[3]

For these reasons, we lack jurisdiction to consider the appeals in Case Nos. A25A1638, A25A1639, and A25A1640, which are hereby DISMISSED.

2. Although Dunn is proceeding pro se, we expressly cautioned him in our March 3, 2025 order in Case No. A25D0255 that "any abuse of the appellate process may subject him to sanctions in the future." Under Court of Appeals Rule 7 (e) (2), this Court may "impose a penalty not to exceed $2,500 against any party . . . in any civil case in which there is a direct appeal . . . that is determined to be frivolous." A frivolous appeal penalty is authorized "in cases where the appellant could have no reasonable basis for anticipating reversal of the trial court's judgment." *Trevino v. Flanders*, 231 Ga. App. 782, 783 (2) (501 SE2d 13) (1998). In light of our recent rulings

---

[3] We first advised Dunn in our February 11, 2025 order dismissing his direct appeal in Case No. A25A1061 that "[w]hen both OCGA § 5-6-34 (a) and OCGA § 5-6-35 (a) are involved, an application for appeal is required when 'the underlying subject matter' of the appeal is listed in OCGA § 5-6-35 (a) . . . ."(citing *Avren v. Garten*, 289 Ga. 186, 192 (7) (710 SE2d 130) (2011)).

in Case No. A25D0255 explaining that Dunn is not entitled to a second appeal from the same trial court order and Case No. A25A1061 informing Dunn that he was required to file a discretionary application to seek appellate review in domestic relations matters, we find the instant appeals in Case Nos. A25A1638, A25A1639, A25A1640 to be frivolous. Accordingly, given Dunn's history of repeatedly failing to follow the required appellate procedures, we assess frivolous appeal penalties under Court of Appeals Rule 7 (e) (2) in the total amount of $500 against Dunn ($250 for Case No. A25A1638 and $250 for Case No. A25A1640). The superior court is DIRECTED to enter a money judgment in favor of the defendants and against Dunn in these amounts. See Court of Appeals Rule 7 (e) (3). We decline to assess a frivolous appeal penalty in Case No. A25A1639.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,   05/19/2025*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*